**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George CLAYTON, Jr., Defendant-Appellant.**

**No. 19078.**

United States Court of Appeals
Sixth Circuit.

Dec. 16, 1969.

Lawrence R. Van Til (Court Appointed), Detroit, Mich., Butzel, Eaman, Long, Gust & Kennedy, Detroit, Mich., of counsel, for appellant.

Robert J. Grace, Detroit, Mich., Robert J. Grace, U. S. Atty., Howard E. O'Leary, Asst. U. S. Atty., Detroit, Mich., on brief, for appellee.

Before PHILLIPS, Chief Judge, COMBS, Circuit Judge, and TAYLOR, District Judge.*

COMBS, Circuit Judge.

Defendant-appellant George Clayton, Jr., and a co-defendant, Calvisi DeJarnette, were tried jointly for bank robbery. Clayton was convicted as the principal and DeJarnette for aiding and abetting in the crime. DeJarnette's conviction was upheld by this Court by an order of June 19, 1968 (unreported).

A branch of the Community National Bank of Pontiac, Michigan, was robbed of $32,000. One man carrying a gun committed the crime. The robber fled on foot through a snow covered field behind the bank and his tracks ended in the parking lot of a beauty salon nearby. A .22-caliber rifle was found in the snow near the bank.

Shortly after the robbery, the local chief of police stopped and searched a car occupied by Clayton and DeJarnette. The search revealed nothing significant and the men were not detained. They were later arrested and charged with the robbery. At their joint trial, DeJarnette did not take the witness stand. Certain statements made by him to local police officers and F.B.I. agents were admitted into evidence over the objection of Clayton's court-appointed counsel. The trial judge admonished the jury that admissions by DeJarnette were not to be considered against Clayton and that the guilt of each defendant should be considered separately.

Appellant contends that constitutional error was committed by the admission of DeJarnette's statements. Although this case was tried prior to Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1967), that decision has been held to apply retroactively. Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968). It was held in Bruton that, in a joint trial where one defendant does not take the witness stand, the introduction of his confession incriminating his co-defendant may violate the co-defendant's right of cross-examination secured by the Sixth Amendment. It was also held in Bruton that limiting instructions by the trial judge were insufficient to overcome the prejudice.

■ But, the rule of Bruton is not absolute. Even before that decision, the Court spoke of a harmless constitutional error in Chapman v. California, 386 U. S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 24 A.L.R.3d 1065 (1967), saying: "[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." Later, in Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), the harmless error rule was applied to a situation where the rule of Bruton otherwise would have applied. This court applied the same rule in United States v. Levinson, 405 F.2d 971, 988 (1968), cert. denied, 395 U.S. 958, 89 S.Ct. 2097, 23 L.Ed.2d 744 (1969), based upon our conclusion that the error in the admission of a co-defendant's statements was harmless beyond a reasonable doubt.

■ We look now to the evidence against Clayton in light of the harmless constitutional error rule. The police chief identified him as one of the persons in the car which was stopped in the vicinity of the bank shortly after the robbery. He was identified as the robber by the positive testimony of three tellers in the bank who were eyewitnesses to the crime. The evidence of Clayton's guilt was therefore clear and convincing and was not "woven from circumstantial evidence," which is the phrase used in Harrington, supra. DeJarnette did not directly implicate the appellant but he did refer to "George" as the robber of the bank. Apart from De-Jarnette's statement, the evidence against Clayton was so overwhelming that we conclude the error in admitting

---

* Honorable Robert L. Taylor, Chief Judge, United States District Court for the East- ern District of Tennessee, sitting by designation.

the statement was harmless beyond a reasonable doubt. We are also of the opinion that the limiting instructions given by the trial judge were sufficient to eliminate any possible prejudice to the appellant caused by admission of the statement.

Appellant relies on this court's recent decision in United States v. DeBose, 410 F.2d 1273 (1969), where we held that *Bruton* applied to a situation not very dissimilar to the one presented here. The writer of this opinion also wrote the opinion in *DeBose*. We have again reviewed the record in *DeBose* and find that the testimony of the eyewitnesses was not so compelling as in the instant case. Cross-examination of the eyewitnesses, while thorough in both cases, was much more effective in *DeBose* than here. More importantly, the *Harrington* decision had not been announced at the time of our decision in *DeBose*. The opinion in *Harrington* is a strong affirmation, if not actually an extension, of the harmless constitutional error rule. See dissenting opinion, 395 U.S. 250, 255, 89 S.Ct. 1726, 23 L.Ed.2d 284. In any event, to the extent that *DeBose* is inconsistent with *Harrington* and this opinion, the rule announced there is modified.

Appellant's second contention is that his court-appointed counsel was incompetent and inadequate. We hold otherwise. It is disturbing, however, that appellant's counsel was not present when the jury returned its verdict. This court has held that the absence of court-appointed counsel at the time the jury's verdict is returned is denial of counsel at a critical stage in the proceedings in derogation of the Sixth Amendment. United States v. Smith, 411 F.2d 733 (1969). In that case the defendant was given no opportunity to object to his attorney's absence and the trial judge proceeded to accept the jury's verdict. A different situation is presented by this record. When the judge learned that Clayton's counsel was not present, he informed him that he had a right to have his own counsel present if he so desired. Counsel for the co-defendant, DeJarn-

ette, then advised the court that Clayton had agreed that he should represent him for the purpose of receiving the verdict. The judge thereupon interrogated Clayton and was informed by him that he had agreed that DeJarnette's counsel serve as his counsel. It is apparent that Clayton made a knowing and intelligent waiver of his right to have his own counsel present when the verdict was received. We note, too, that, at the request of substitute counsel, the jury was polled as to the verdict against each defendant. In this situation we find no error.

Judgment affirmed.