WILLIAM CORBIN, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 12442

May 6, 1981                                          627 P.2d 862

*Morgan D. Harris,* Public Defender, and *Peter J. Christiansen,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant, William Corbin, was convicted of two counts of robbery and two counts of kidnapping, each count committed with the use of a deadly weapon. In this appeal Corbin contends, among other things, that his Sixth Amendment right of confrontation was violated when an incriminating statement of his codefendant was admitted at the trial.

Evidence presented at the trial established the following. On the night of April 10, 1979, two men entered a house in Las Vegas occupied by David Shaw and Angela Adams. The two men detained Shaw and Adams in the house and threatened them with death unless they handed over money and jewelry. Shaw and Adams complied. Approximately one hour later appellant arrived at the house. Appellant forced Shaw and Adams, under the threat of death, to promise to give the three men additional money and jewelry. Appellant provided Shaw with a telephone number where he (appellant) could be contacted when the money and jewelry were obtained. The three men then left the premises.

1. Appellant and one of his confederates were tried jointly. Appellant argues that error occurred at the trial when a police officer testified that the codefendant, in response to questioning by the police officer about culpability regarding some of the events of April 10, 1979, replied, "It was Will." Both appellant and the third assailant (who was not a defendant at the trial) are named Will.

Appellant contends admission of his codefendant's statement requires reversal under Bruton v. United States, 391 U.S. 123 (1968). In *Bruton* the Court held that at a joint trial where one defendant does not testify, the introduction into evidence of a nontestifying defendant's confession, which inculpated the codefendant, violated the codefendant's Sixth Amendment right to confront witnesses against him. Here, the statement "It was Will", allegedly made by appellant's nontestifying codefendant, may have implicated appellant and therefore should not have been admitted. *See* State v. Swaney, 178

S.E.2d 399 (N.C. 1971), *appeal dismissed,* 402 U.S. 1006 (1971).

However, the mere finding of a violation of the right to confront witnesses does not automatically require reversal of the conviction. In some cases the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the codefendant's admission is so insignificant by comparison, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error. Schneble v. Florida, 405 U.S. 427 (1972); *see* Davies v. State, 95 Nev. 553, 598 P.2d 636 (1979). In this case, Shaw and Adams positively identified appellant as the perpetrator of the crimes with which he was charged. "The state's case against [appellant] was 'not woven from circumstantial evidence,' [Harrington v. California, 395 U.S. 250, 254 (1969)], but was predicated upon testimony of eyewitnesses to the [crimes]." Erving v. Sigler, 327 F.Supp. 778, 785 (D. Neb. 1971), *affirmed,* 453 F.2d 843 (8th Cir. 1972), *cert. denied,* 406 U.S. 976 (1972). Accordingly, the error was harmless beyond a reasonable doubt. *See, e.g.,* Simpson v. Wainwright, 439 F.2d 948 (5th Cir. 1971), *cert. denied,* 402 U.S. 1011 (1971); United States v. Clayton, 418 F.2d 1274 (6th Cir. 1969), *cert. denied,* 399 U.S. 931 (1970).

2.  Appellant's remaining contentions are without merit. Affirmed.