JEAN M. STEVENS, Appellant, *v.* THE STATE OF
NEVADA, Respondent.

No. 11702

JEAN M. STEVENS, Appellant, *v.* THE STATE OF
NEVADA, Respondent.

No. 12526

October 13, 1981                                              634 P.2d 662

*William M. O'Mara,* Reno, for Appellant.

*Richard H. Bryan,* Attorney General, *Robert A. Bork, Richard E. Thornley, Brooke Nielsen,* Deputy Attorneys General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

In Case No. 11702, Jean M. Stevens is appealing from a judgment of conviction for forgery (six counts), embezzlement, unlawful use of public money (seven counts), and grand larceny (seven counts), all involving finances of the Nevada American Revolution Bicentennial Commission. In Case No. 12526,

Stevens appeals from an order denying her motion for a new trial on the charges concerned in Case No. 11702. As grounds for appeal, she assigns numerous errors; however, we reverse appellant's convictions, and remand this matter for a new trial, because admission of a codefendant's statements at Stevens' trial violated the rule articulated in Bruton v. United States, 391 U.S. 123 (1968), and the error may not be deemed harmless. Other issues need not be decided.

Appellant's codefendant, Oliver, made several inculpatory statements to the authorities in grand jury proceedings and to a United States Secret Service Special Agent. Each of these statements implicated appellant. At the joint trial of Oliver and Stevens, the prosecution introduced the grand jury statement against Oliver, and Oliver's counsel introduced her statement given to the Special Agent. Prior to introducing the grand jury statement against Oliver, the prosecution excised from it all express references to Stevens and to one Vicki Nash.[1] Prior to introducing the statement his client had given to the Special Agent, Oliver's counsel excised all references to Stevens, but he left intact references to Vicki Nash. Oliver did not testify at the trial; hence, she was thus not subject to cross-examination by appellant's counsel. When admitting Oliver's statements, the trial judge did not instruct the jury that they could only be considered in determining Oliver's guilt or innocence and could not be considered in determining the guilt or innocence of the appellant.

At the end of the trial below, the prosecutor acknowledged that, "there was no direct evidence offered that Jean Stevens illegally handled any NARBC checks. There is no evidence that she cashed them, deposited them or in any way criminally dealt with those checks." However, he urged that there was "strong circumstantial evidence."

It appears likely that the jury read the appellant's name into the blanks in each one of Oliver's statements introduced at the trial below. The circumstantial links between Oliver and Stevens, referred to by the prosecutor, and the fact that Oliver and appellant were being tried together made it not only natural, but seemingly inevitable, that the jury would infer appellant to be the person referred to in the blanks in Oliver's statements.

In Bruton v. United States, 391 U.S. 123 (1968), the Court held that at a joint trial where one defendant does not testify, the introduction into evidence of a nontestifying defendant's

---

[1] In her defense to the charges against her, appellant sought to establish that it had been Oliver and Nash, the chairman of Nevada's Bicentennial Commission, who had committed the offenses of which she had been charged.

confession, which probably inculpated the codefendant, violated the codefendant's right of cross-examination, secured by the Confrontation Clause of the Sixth Amendment. 391 U.S. at 126. We have declared that,

> the mere finding of a violation of the right to confront witnesses does not automatically require reversal of the conviction. In some cases the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the codefendant's admission is so insignificant by comparison that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error.

Corbin v. State, 97 Nev. 245, 627 P.2d 862 (1981); *see* Davies v. State, 95 Nev. 553, 558, 598 P.2d 636 (1979). On the other hand, where the evidence of guilt is "woven from circumstantial evidence," Harrington v. California, 395 U.S. 250, 254 (1969), and it is not clear beyond a reasonable doubt that the improper use of the admission was harmless error, then a violation of *Bruton* will mandate a reversal of the conviction. *See Corbin,* cited above.

Here the jury almost certainly looked to Oliver's redacted, incriminating, extrajudicial statements, particularly the one made to the Secret Service Special Agent, in determining appellant's guilt. Accordingly, admission of Oliver's statements in this joint trial violated appellant's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment. Therefore, we reverse and remand this matter for a new trial.