OPINION
 

 Per Curiam:
 

 Appellants Ronald Ducksworth, Jr., and Carl Lee Martin were each convicted of two counts of first degree murder with a deadly weapon, two counts of first degree kidnapping with a deadly weapon, and one count each of burglary with a deadly weapon, sexual assault with a deadly weapon, and robbery with a deadly weapon for crimes committed on Joseph Smith, III, and his wife, Vikki Smith. Ducksworth and Martin were each sentenced to four life terms in prison without the possibility of parole for the murder convictions and various other sentences for the other crimes.
 

 
 *953
 
 The joint trial of Ducksworth and Martin commenced in October 1993. At trial, the state presented evidence through witnesses Kenya Crawl and A1 Shuaid that Ducksworth confessed to his involvement in the Smiths’ murders. Apparently, Ducksworth’s confession implicated Martin, but Crawl and Shuaid tailored their testimony to avoid any explicit reference to Martin. Based on the admission of Ducksworth’s statements, Martin moved the district court pursuant to NRS 174.165(1) to sever his trial from Ducksworth’s. The court denied the motion, but instructed the jury that Ducksworth’s statements were to be considered only with regard to Ducksworth and not to Martin. The jury returned guilty verdicts on all counts against both Ducksworth and Martin.
 

 On July 15, 1997, this court affirmed Ducksworth’s conviction on all counts except for the kidnapping count. Ducksworth v. State, 113 Nev. 780, 942 P.2d 157 (1997). This court reversed Martin’s conviction and remanded for a new trial, citing Bruton v. United States, 391 U.S. 123 (1968), and Stevens v. State, 97 Nev. 443, 634 P.2d 662 (1981). This court concluded that the district court abused its discretion in denying Martin’s motion to sever the trial.
 
 Ducksworth,
 
 113 Nev. at 795, 942 P.2d at 167. On August 1, 1997, the state filed its petition for rehearing challenging the reversal of Martin’s conviction.
 

 A petition for rehearing will be granted only if this court overlooked or misapprehended a material matter or if rehearing will promote substantial justice. A petitioner may not reargue an issue already raised or raise a new issue not raised previously. NRAP 40(c);
 
 see also
 
 Gordon v. District Court, 114 Nev. 744, 961 P.2d 142 (1998) (citing In re Herrmann, 100 Nev. 149, 151, 679 P.2d 246, 247 (1984)). In its petition, the state contends that this court overlooked Lisle v. State, 113 Nev. 679, 941 P.2d 459 (1997), and Richardson v. Marsh, 481 U.S. 200 (1987). We conclude that rehearing is not warranted on this basis.
 

 In
 
 Bruton,
 
 the United States Supreme Court held that in a joint trial, evidence of an incriminating statement by one defendant which expressly refers to the other defendant violates the Confrontation Clause of the Sixth Amendment and that a limiting instruction to the jury is not sufficient to overcome the prejudice.
 
 Bruton,
 
 391 U.S. at 127-28.
 

 In
 
 Stevens,
 
 the statements used in a joint trial to incriminate one defendant were redacted to excise all express references to the other defendant, Jean Stevens, who was subsequently convicted. Citing
 
 Bruton,
 
 this court reversed Stevens’ conviction, concluding that “[i]t appears likely that the jury read [Stevens’] name into the
 
 *954
 
 blanks in each one of [her co-defendant’s] statements introduced at the trial below.”
 
 [1]
 

 Stevens,
 
 97 Nev. at 444, 634 P.2d at 663. This court further held that “where the evidence of guilt is ‘woven from circumstantial evidence,’ and it is not clear beyond a reasonable doubt that the improper use of the admission was harmless error, then a violation of
 
 Bruton
 
 will mandate a reversal of the conviction.”
 
 Id.
 
 at 445, 634 P.2d at 664 (quoting Harrington v. California, 395 U.S. 250, 254 (1969)). Accordingly, because little evidence was presented against Stevens, admission of her co-defendant’s statements, although redacted, was extremely damaging and prejudiced Stevens enough to warrant reversal.
 
 Id.
 

 Based on these two cases, this court in
 
 Ducksworth
 
 reversed Martin’s conviction, concluding that because “[t]he evidence against Martin was largely circumstantial and was much less convincing than was the evidence against Ducksworth,’ ’ the redacted statements prejudiced Martin.
 
 Ducksworth,
 
 113 Nev. at 794, 942 P.2d at 166. In its petition for rehearing, the state points out that we cited neither
 
 Lisle
 
 nor
 
 Richardson.
 

 In
 
 Richardson,
 
 the government introduced into evidence redacted incriminating statements by Benjamin Williams in a joint trial with Clarissa Marsh. The redacted statements were not facially incriminating to Marsh because they made no reference to her existence; therefore, the Supreme Court held that a limiting instruction to the jury was sufficient to overcome any prejudice to Marsh.
 
 Richardson,
 
 481 U.S. at 208, 211. Nevertheless, the Court remanded the case because “the prosecutor sought to undo the effect of the limiting instruction by urging the jury to use Williams’ confession in evaluating [Marsh’s] case.”
 
 Id.
 
 at 211.
 

 In
 
 Lisle,
 
 this court upheld Kevin Lisle’s conviction when his co-defendant’s confession was redacted to replace Lisle’s name with “the other guy.” Relying on
 
 Richardson
 
 and United States v. Enriquez-Estrada, 999 F.2d 1355, 1359 (9th Cir. 1993), we concluded that the redacted confession was not facially incriminating and, therefore, did not offend
 
 Bruton. Lisle,
 
 113 Nev. at 692-93, 941 P.2d at 468. We further considered and distinguished our holding in
 
 Stevens.
 
 While the statements by Stevens’ co-defendant prejudiced Stevens because of the minimal evidence against her, in
 
 Lisle,
 
 by contrast, the evidence presented against Lisle w^s overwhelming: four witnesses testified that he confessed to the murder.
 
 Id.
 
 at 693, 941 P.2d at 468. Therefore, we concluded that the statements by Lisle’s co-defendant implicating “the other guy” provided minimal, if any, prejudice to Lisle.
 

 
 *955
 
 The current case is similar to
 
 Stevens,
 
 not
 
 Lisle,
 
 because “[t]he evidence against Martin was largely circumstantial and was much less convincing” than that against Ducksworth.
 
 Ducksworth,
 
 113 Nev. at 794, 942 P.2d at 166. Accordingly, as in
 
 Stevens,
 
 Ducksworth’s statements substantially prejudiced Martin.
 

 In determining whether admission of a co-defendant’s statement violates
 
 Bruton,
 
 the central question is whether the jury likely obeyed the court’s instruction to disregard the statement in assessing the defendant’s guilt.
 
 See Richardson,
 
 481 U.S. at 208. In
 
 Richardson,
 
 the Supreme Court reversed Marsh’s conviction and remanded the case because the prosecutor attempted to undermine the limiting instruction by utilizing Williams’ statements against her.
 
 Id.
 
 at 211.
 

 In the instant case, the state argued in its brief on appeal that Ducksworth’s statements to Crawl and Shuaid constituted sufficient evidence to uphold Martin’s conviction and were highly “damaging” to Martin.
 
 [2]
 
 By arguing that “[t]he most damaging evidence of all” against Martin was the testimony of Crawl and Shuaid recounting Ducksworth’s statements, the state implicitly conceded that Martin suffered actual prejudice from the joint trial with Ducksworth.
 

 Accordingly, our prior opinion in this matter is not inconsistent with either
 
 Lisle
 
 or
 
 Richardson,
 
 and we did not err in reversing Martin’s conviction on this issue. As we did not overlook or misapprehend any material matter, we deny the state’s petition for rehearing. NRAP 40(c).
 
 [3]
 

 [1]
 

 In a recent opinion, the United States Supreme Court reached the same conclusion, holding that
 
 Bruton’s
 
 protections applied where a co-defendant's confession was redacted to substitute blanks for the defendant’s name. Gray v. Maryland, 523 U.S. 185, 118 S. Ct. 1151 (1998).
 

 [2]
 

 The state argued in its answering brief:
 

 The most damaging evidence of all came from Kenya Crawl and A1 Shuaid. . . . Although Ducksworth’s confession did not specifically name Martin as the other party involved at trial, there was overwhelming evidence of Martin's involvement. . . .
 
 This, combined with the fact that Ducksworth said he was against killing Vikki, show an obvious link between Martin and the murder of Vikki.
 

 Both A1 Shuaid and Kenya Crawl testified that Ducksworth admitted that Vikki had been raped both orally and anally. . . . [T]he jury could have easily concluded that both Defendants were guilty of sexual assault. . . .
 
 Martin also might have committed the offense [of sexual assault] for the simple reason that Ducksworth admitted to doing everything else except those crimes that occurred against Vikki.
 

 (Emphasis added.)
 

 [3]
 

 The Honorable A. William Maupin, Justice, did not participate in the decision of this matter.