WILLIAM CHRISTOPHER SCHOELS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 28086

March 24, 1999

975 P.2d 1275

*Morgan D. Harris,* Public Defender, and *Michael L. Miller* and *Howard Brooks,* Deputy Public Defenders, Clark County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney, and *James Tufteland,* Chief Deputy District Attorney, Clark County, for Respondent.

Before Rose, C. J., Young, Maupin and Shearing, JJ.

## OPINION ON REHEARING

*Per Curiam:*

This court affirmed the conviction of appellant William Christopher Schoels for first-degree murder with use of a deadly weapon and possession of a firearm by an ex-felon. *Schoels v. State,* 114 Nev. 981, 966 P.2d 735 (1998). Schoels has petitioned for rehearing. We conclude that the petition has merit on one ground.

### DISCUSSION

NRAP 40(c)(1) provides: "Matters presented in the briefs and oral arguments may not be reargued in the petition for rehearing, and no point may be raised for the first time on rehearing." This court may consider a rehearing if "it appears that the court has overlooked or misapprehended a material matter in the record or otherwise" or in "such other circumstances as will promote substantial justice." NRAP 40(c)(2).[1]

*This court did not overlook material facts*

Three issues which Schoels asserts as grounds for rehearing involve alleged factual misapprehensions by this court. First, he asserts that this court overlooked the most critical fact in the record, a statement by the victim to Schoels, "I'm going to nine you up," i.e., shoot Schoels with a nine-millimeter gun. The court did not overlook anything material in this matter. Our opinion noted that the victim "threaten[ed] to return with a gun." *Schoels,* 114 Nev. at 983, 966 P.2d at 737.

---

[1]This opinion quotes the former version of NRAP 40 because the instant petition was filed before the rule was amended, effective January 4, 1999.

Second, Schoels points out this court incorrectly stated that he was carrying the murder weapon in his pocket during a basketball game and pulled it out and shot the victim. We cited this circumstance in concluding that the prosecutor's future dangerousness argument was proper. *Id.* at 988, 966 P.2d at 740. The evidence actually showed that Schoels walked to the edge of the basketball court and retrieved the gun from a location there. This misapprehension was not material. Schoels fails to show how the actual facts work to his favor. They still support an argument for future dangerousness and, if anything, contradict even more strongly his argument of self-defense.

Third, Schoels contends that this court's opinion ignored evidence that the victim rushed him and lifted him up. Schoels argues that by overlooking evidence that supported self-defense, voluntary manslaughter, or second-degree murder, we were able to dismiss errors which occurred in the trial as harmless.

In deciding whether error is harmless or prejudicial, this court must consider such factors as whether the issue of innocence or guilt is close, the quantity and character of the error, and the gravity of the crime charged. Homick v. State, 112 Nev. 304, 316, 913 P.2d 1280, 1288 (1996). "This court must determine that any errors are harmless beyond a reasonable doubt. Evidence against the defendant must be substantial enough to convict him in an otherwise fair trial, and it must be said without reservation that the verdict would have been the same in the absence of error." *Id.* (citation omitted).

Schoels cites the testimony of two eyewitnesses, John Sayles and Henry Mark Johnson. Schoels stresses that both stated that the victim rushed and grabbed Schoels and picked him up in the air. However, Sayles stated that these actions by the victim did not occur until Schoels had already fired at the victim, probably hitting him. Johnson stated that they did not occur until Schoels pulled the gun and pointed it at the victim, although Johnson was not sure if Schoels fired first or not. Johnson further testified that Schoels "finished off" the victim with another shot. We conclude that our opinion did not overlook any facts from these witnesses' testimony which were material to the issue of harmless error.

*This court's analysis of the denial of appellant's guilty plea overlooked a material matter*

Schoels claims finally that this court's analysis of the denial of his guilty plea was materially flawed. We conclude that this claim has merit. Shortly before the trial, Schoels moved the district court to allow him to plead guilty to the charge of ex-felon in pos-

session of a firearm so that the jury would not learn of his prior robbery conviction. The court denied it, saying that a change of plea was "highly detrimental to the state." Schoels then moved to sever the count of ex-felon in possession of a firearm, and the court denied it on grounds of judicial economy. Schoels later objected unsuccessfully to the reading of the information to the jury.

This court concluded that the district court did not abuse its discretion in refusing the guilty plea. Our opinion focused on the trial court's discretion to accept or reject a guilty plea and cited the trial court's authority to protect public interests, including assuring fairness to the prosecution. *Schoels,* 114 Nev. at 984, 966 P.2d at 737. The opinion did not explain how accepting the guilty plea would have harmed the state's case. Although we noted Schoels's argument that the jury deliberated the murder charge while improperly influenced by knowledge that he was an ex-felon, we did not discuss the merits of that argument.

In a supplement to his petition,[2] Schoels cites this court's recent decision, Brown v. State, 114 Nev. 1118, 967 P.2d 1126 (1998). In *Brown,* the information read in open court at the beginning of the trial included charges of ex-felon in possession of a firearm along with other counts. Because Brown failed to object contemporaneously to the reading, we declined to consider his argument that exposing the jury to evidence of his prior felony convictions was prejudicial. Nevertheless, we held that henceforth where the state seeks conviction on multiple counts, any counts of ex-felon in possession of a firearm must be severed so that the jury trying the other counts will not be exposed to evidence of a defendant's prior felony convictions. Despite the legitimate interest in efficiency and judicial economy served by joinder, we required severance to ensure fairness and avoid prejudice to the defendant. The reasoning in *Brown* is apposite to this case but was overlooked in our original opinion.

The state argues that *Brown* announces a new rule which applies only prospectively. "New rules apply prospectively unless they are rules of constitutional law, and then they apply retroactively only under certain circumstances." Gier v. District Court, 106 Nev. 208, 212, 789 P.2d 1245, 1248 (1990). *Brown* announces a rule of law which is not constitutionally demanded, and this court's opinion correctly indicates that the rule is to be applied prospectively.

---

[2]Cause appearing, we direct the clerk of the court to file the supplement to the petition, received December 17, 1998.

However, this case differs from *Brown* in two material ways which support reaching the issue here independently of *Brown*. One, this court did not apply the new rule in *Brown* to Brown because he failed to object at trial, but Schoels preserved this issue at the trial level by seeking to plead guilty, by moving for severance, and by objecting to the reading of the information in open court. Two, Brown did not seek to plead guilty to the charge of ex-felon in possession of a firearm; he sought only a severance. By contrast, in this case the justification for denying severance—judicial economy—was initially completely absent. Schoels sought first to plead guilty, which would not have necessitated a separate trial. On the contrary, it would have saved the state the effort of proving the charge at all.

Although Schoels moved to change his plea when trial was imminent, the district court cited no facts to support its finding that allowing Schoels to plead guilty would have harmed the state, and we see none in the record—other than the state's loss of the prejudicial effect arising from informing the jury that Schoels was an ex-felon. But this effect is unfair, as we stated in *Brown*.

In our original opinion, we discerned one error during the guilt phase: the jury instructions failed to convey unambiguously that a direct physical assault on the defendant is not necessary to find sufficient provocation for voluntary manslaughter. We deemed this error harmless. *Schoels,* 114 Nev. at 985-86, 966 P.2d at 738. We must now consider the effect of both this "original" error and the "new" one, the jury's exposure to evidence of the prior robbery conviction, to determine without reservation whether the guilty verdict would have been the same without the errors.[3] *See Homick,* 112 Nev. at 316, 913 P.2d at 1288. We must consider whether the issue decided by the jury is close, the quantity and character of the error, and the gravity of the crime charged. *See id.*

We conclude that the original error remains harmless because the evidence did not show any provocation by the victim sufficient to excite an irresistible passion in a reasonable person, a necessary element of voluntary manslaughter. *See* NRS 200.050. However, we conclude that the new error undermines the reliability of the verdict of first-degree murder. The evidence showed that Schoels and the victim had argued for quite some time and that

---

[3]A third error occurred in the penalty phase: the prosecutor improperly argued "that it was necessary to execute Schoels to protect future victims." *Schoels,* 114 Nev. at 989, 966 P.2d at 740. We also deemed this error harmless. Because evidence of the prior conviction appears relevant and admissible at the penalty phase, we conclude that the new error did not infect the penalty phase directly.

the victim threatened Schoels and harangued and insulted Schoels up to the moment that Schoels pulled and fired the gun. Given these circumstances, the issue of first- versus second-degree murder was close. The character of the error makes it possible that absent the evidence of his prior conviction for robbery, the jury might have given Schoels the benefit of the doubt and found him guilty of only second-degree murder rather than premeditated first-degree murder. First-degree murder is the gravest of crimes. We conclude therefore that Schoels's conviction on the count of first-degree murder must be reversed.

## CONCLUSION

We grant rehearing, reverse the judgment of conviction in regard to first-degree murder, and remand this case for retrial.[4]

---

[4]This petition challenges an opinion that was issued prior to the expansion of the court from five to seven justices on January 4, 1999. Only those justices remaining on the court who previously heard this matter participated in this decision.