An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ADRIAN MCKNIGHT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 54497

**FILED**

JUN 1 1 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of conspiracy to commit robbery, robbery, two counts of robbery of a victim 60 years of age or older, battery with intent to commit a crime, first-degree murder of a person 60 years of age or older, battery, and possession of a stolen vehicle. Eighth Judicial District Court, Clark County; Donald M. Mosley, Judge.

I.

Appellant Adrian McKnight and two others participated in a crime spree that involved stealing a car, robbing a woman outside her apartment, and robbing a married couple, the Nievas, outside their timeshare. During the last incident, one of the assailants attacked Mr. Nieva, causing severe injuries that resulted in his death.

A jury convicted McKnight and co-defendant Michael Smith of multiple crimes related to the incidents. McKnight timely appealed. He raises three principal arguments: (1) the district court erred in denying his motion to suppress his statement to police; (2) the district court deprived him of a fair trial by refusing to sever Smith from the trial; and

13-16992

(3) a pretrial ruling which precluded him alone from implicating Smith or other third party violated his due process rights.[1]

---

[1]We have reviewed the remaining issues that McKnight raised and determine they are without merit for the following reasons: (1) McKnight was not deprived of his right to a jury selected from a fair cross section of the community because there is no evidence the venire process systematically excluded African-Americans or that the district court selected the jury panel unfairly, *see Williams v. State*, 121 Nev. 934, 939-40, 125 P.3d 627, 631 (2005) ("The Sixth Amendment does not guarantee a jury or even a venire that is a perfect cross section of the community."); (2) even though the State committed improper conduct by showing the jury an inflammatory photograph, the error does not warrant reversal because similar photographs were later admitted into evidence without McKnight's objection, *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008) (explaining the two-step process this court utilizes when considering claims of prosecutorial misconduct); (3) prior-bad-act evidence did not deprive McKnight of his right to a fair trial because the result of the trial would have been the same without admission of the improper statement. *Newman v. State*, 129 Nev. ___, ___ P.3d ___ (Adv. Op. No. 24, Apr. 18, 2013) (reviewing erroneous admission of evidence for harmless error) *McNelton v. State*, 115 Nev. 396, 406, 990 P.2d 1263, 1271 (1999) (same); (4) the district court did not err in refusing to give a proposed jury instruction because another jury instruction gave an accurate statement of the law regarding malice as an element of premeditated murder, *Guy v. State*, 108 Nev. 770, 776, 839 P.2d 578, 582 (1992) (explaining that jury instructions must correctly state existing law); furthermore, the error, if any, was harmless because McKnight was charged with open murder and the jury was properly instructed on felony murder, which the record supports, as discussed *infra*; (5) McKnight's sentence is not cruel and unusual punishment because it conforms to statutory limits, *Allred v. State*, 120 Nev. 410, 420, 92 P.3d 1246, 1253 (2004); (6) cumulative error did not deny McKnight's right to a fair trial because the issue of guilt was not close and there was overwhelming admissible evidence of his guilt, *Valdez v. State*, 124 Nev. 1172, 1196, 196 P.3d 465, 481 (2008); and (7) the State presented sufficient evidence to support McKnight's convictions because a rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt, *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

SUPREME COURT
OF
NEVADA

(O) 1947A

## II.

McKnight argues that he did not voluntarily waive his *Miranda* rights when he gave a statement to detectives, and therefore the district court should have suppressed the statement. Specifically, he maintains that detectives coerced him into making the statement and that the detectives used an improper question-first technique by obtaining an unwarned confession before giving the *Miranda* warnings.

"'Suppression issues present mixed questions of law and fact. While this court reviews the legal questions de novo, it reviews the district court's factual determinations for sufficient evidence.'" *Camacho v. State*, 119 Nev. 395, 399, 75 P.3d 370, 373 (2003) (quoting *Johnson v. State*, 118 Nev. 787, 794, 59 P.3d 450, 455 (2002), *overruled on other grounds by Nunnery v. State*, 127 Nev. ___, ___, 263 P.3d 235, 250-51 (2011)).

Under the Fifth Amendment, *Miranda* warnings are required prior to custodial interrogation or the accused's statement is inadmissible. *Hernandez v. State*, 124 Nev. 978, 988, 194 P.3d 1235, 1242 (2008); *Rosky v. State*, 121 Nev. 184, 191, 111 P.3d 690, 695 (2005). A waiver of *Miranda* rights must be voluntary. *Missouri v. Seibert*, 542 U.S. 600, 608, 612-14 (2004).

Here, the detectives gave McKnight *Miranda* warnings at the start of his recorded interview; he waived his rights and agreed to talk to the detectives. It is unclear what occurred before the recorded interview, but the district court found that coercion did not occur during the discussion. In fact, the court found that the video showed what appeared to be "a very congenial conversation." We have reviewed the record and conclude that the district court's finding of fact that coercion did not occur

is supported by sufficient evidence, including the recorded interview and witness testimony.

McKnight is correct that *Miranda* warnings given after an unwarned confession are ineffective. *Seibert*, 542 U.S. at 612-14. The record also supports his argument that he and the detectives had a short conversation before the recorded interview. However, based on McKnight's testimony, it appears that neither an interrogation nor confession took place before the recorded interview. Instead, McKnight testified that the detective threw down a binder and lied about McKnight's attorney. These actions, if they occurred, would likely be unlawful, but would not be considered coercion. *See Collazo v. Estelle*, 940 F.2d 411, 416-18 (9th Cir. 1991) (discussing types of coercion, such as discouraging a defendant from speaking with an attorney). And as discussed above, sufficient evidence supports the district court's finding that detectives did not coerce McKnight into making a statement. Thus, McKnight's allegations do not support his argument that the detectives used a question-first tactic.

Accordingly, because the record supports neither of McKnight's arguments, the district court did not abuse its discretion by denying McKnight's motion to suppress.

III.

Next McKnight argues that the district court deprived him of a fair trial by refusing to sever co-defendant Smith from the trial.[2] Citing *Ducksworth v. State*, 114 Nev. 951, 953-54, 966 P.2d 165, 166-67 (1998), he

---

[2]McKnight also moved to sever his case from co-defendant Gibson, but this is a non-issue because Gibson pleaded guilty pursuant to a plea agreement with the state before trial.

explains that an incriminating statement by a co-defendant in a joint trial violates the Confrontation Clause of the Sixth Amendment unless the statement can be redacted to remove references to the other defendants. He then claims that the district court could not redact co-defendant Smith's statements as required by *Ducksworth*.

"The decision to sever a joint trial is vested in the sound discretion of the district court and will not be reversed on appeal unless the appellant 'carr[ies] the heavy burden' of showing that the trial judge abused his discretion." *Buff v. State*, 114 Nev. 1237, 1245, 970 P.2d 564, 569 (1998) (quoting *Amen v. State*, 106 Nev. 749, 756, 801 P.2d 1354, 1359 (1990)). Reversal is only justified if refusal to sever a joint trial had "a substantial and injurious effect on the verdict." *Marshall v. State*, 118 Nev. 642, 647, 56 P.3d 376, 379 (2002)).

In the first *Ducksworth* appeal, this court held that the district court erred in refusing to grant a severance where introduction of one defendant's unredacted confession probably inculpated his co-defendant. *Ducksworth v. State*, 113 Nev. 780, 794-95, 942 P.2d 157, 166-67 (1997). We explained that a Confrontation Clause violation does not automatically require reversal, *id.* at 795, 942 P.2d at 167, and we held that the district court's failure to grant a severance was reversible error because the admissible evidence against the defendant was largely circumstantial and the State relied heavily on the co-defendant's inculpatory statement. *Id.* at 794, 942 P.2d at 166.

This case differs from *Ducksworth* in two important ways. First, the record disproves McKnight's claim that Smith's statement could not be redacted because the parties successfully did so during trial. Second, the State had more than circumstantial evidence against

McKnight, including the testimony of Gibson, fingerprints, and DNA evidence, plus the admission by McKnight that he participated in the second robbery. Because of these distinctions, McKnight cannot meet his burden of proving that the joint trial had a substantial and injurious effect on the verdict that warrants reversal.

IV.

McKnight's last argument is that the district court violated his due process rights by ordering that he could not implicate Smith or another third party in the crimes. McKnight further argues that the district court compounded its mistake because it did not apply a similar ruling to Smith, who could and did implicate McKnight in the crimes. Although the presiding judge reversed the pretrial order on the fifth day of the trial, McKnight contends that he suffered harm because he had limited his opening argument and questioning of the State's witnesses to comply with his interpretation of the pretrial order.

As a threshold matter, we note that McKnight failed to make a contemporaneous objection on the record to the pretrial ruling. The defense excluded the State from the off-the-record discussion that produced the ruling. Furthermore, the limited record that was made of the ruling differs from the ruling McKnight claims in his opening brief, without record citation, was made.

Generally, a failure to object precludes appellate review. *Rippo v. State*, 113 Nev. 1239, 1259, 946 P.2d 1017, 1030 (1997) (citing *Garner v. State*, 78 Nev. 366, 372-73, 374 P.2d 525, 529 (1962)). McKnight points to his pretrial motion to sever, which he describes as "continuing," but in this case, the motion to sever is not an adequate substitute. We recognize that, "where an objection has been fully briefed, the district

court has thoroughly explored the objection during a hearing on a pretrial motion, and the district court has made a definitive ruling, then a motion in limine is sufficient to preserve an issue for appeal." *Richmond v. State*, 118 Nev. 924, 932, 59 P.3d 1249, 1254 (2002). But because McKnight did not properly object to the pretrial ruling and the limited record available does not establish the ruling McKnight contends was made, we are unable to conclude, under *Richmond*, that McKnight adequately preserved the issue for purposes of appeal.

Even assuming an adequate objection by McKnight, his argument for reversal of his first-degree murder conviction based on the later-rescinded pretrial ruling still fails. McKnight argues that the district court's pretrial ruling violated his due process right to advance his theory of the case—that although he was present at the second robbery, he never touched the deceased victim. *See Vipperman v. State*, 96 Nev. 592, 596, 614 P.2d 532, 534 (1980) (citing *United States v. Nixon*, 418 U.S. 683, 711 (1974); *State v. Fouquette*, 67 Nev. 505, 514, 221 P.2d 404, 409 (1950)) (the due process clauses of the Nevada and United States Constitutions "assure an accused the right to introduce into evidence any testimony or documentation which would tend to prove the defendant's theory of the case"). In reviewing claims of constitutional error, we determine whether the district court erred, and if so, "we must reverse unless the error is harmless beyond a reasonable doubt, *i.e.*, reversal is unwarranted if we conclude 'without reservation that the verdict would have been the same in the absence of error.'" *Diomampo v. State*, 124 Nev. 414, 428, 185 P.3d 1031, 1040 (2008) (quoting *Schoels v. State*, 115 Nev. 33, 35, 975 P.2d 1275, 1276 (1999)). *See also Chapman v. California*, 386 U.S. 18, 21-24 (1967) (holding that a constitutional claim is reviewed for harmless error).

The error McKnight asserts as to the later-rescinded pretrial ruling—assuming the objection was adequately preserved—was harmless beyond a reasonable doubt. We reach this conclusion for several reasons. First, the record does not support McKnight's position that the pretrial ruling precluded him from implicating Smith or another third party in *any* manner at *any* stage of the trial. On the contrary, as stated by the district court, its ruling only prevented McKnight *if he took the stand* from being asked to identify Smith as the third party at the Nievo robbery.[3] Then, days before McKnight had to finally choose whether to testify or not, the trial judge rescinded the pretrial ruling, freeing McKnight to implicate Smith by name. The harm McKnight claims to have suffered thus differs significantly from that the record supports.

Second, McKnight was charged with open murder. The jury could find McKnight guilty of first-degree murder on the basis of either premeditation or felony murder. *See Holmes v. State*, 114 Nev. 1357, 972 P.2d 337 (1998) ("[P]remeditation and felony-murder are alternate theories upon which the State may rely in its attempt to establish the *mens rea* element of the crime of first degree murder.").

The State provided strong evidence supporting felony murder. Through a forensic pathologist's testimony, the State proved that the

---

[3]The limited record of the ruling appears at 3 A.A. 744: "If Mr. Smith should take the stand, he cannot be questioned as to the identity of a third party, arguably Mr. Smith . . . . This is not unlike the issue [of] redacting documents where another individual would use the neutral phraseology of, 'another person with me,' that kind of thing. That can be allowed because it's going to come out that there are three people involved, in all likelihood. But Mr. McKnight cannot be asked about the identity of the third party, Mr. Smith."

injuries Mr. Nieva sustained during the robbery caused his death. The evidence also showed that McKnight participated in the second robbery. McKnight's co-defendant Gibson testified to this and McKnight admitted to detectives that he participated in the robbery, though he denied injuring Mr. Nieva. Even assuming McKnight did not personally slam Mr. Nieva to the ground, for purposes of the felony murder rule, it is irrelevant which co-felon actually kills the deceased because a cohort involved in the commission of the principal crime may also be charged with murder. *See* 2 Wayne R. LaFave, *Substantive Criminal Law* § 14.5(c) (2d ed. 2003). *See also Echavarria v. State*, 108 Nev. 734, 748, 839 P.2d 589, 599 (1992) (upholding felony murder conviction predicated upon robbery where accused acted as getaway driver). The State's evidence supporting felony murder did not depend on which defendant performed which acts, but rather, that a killing occurred as a result of the perpetrators' planned robbery. *Cf. Cortinas v. State*, 124 Nev. 1013, 1028-29, 195 P.3d 315, 325 (2008) (concluding that an instructional error with respect to felony-murder theory was harmless beyond a reasonable doubt where the record established premeditation-based conviction of first degree murder). Thus, the district court's error was harmless beyond a reasonable doubt

We, therefore, affirm.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Cherry

cc: Eighth Judicial District Court Dept. 14
Nguyen & Lay
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A