An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LASHANA MONIQUE HAYWARD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59077

**FILED**

SEP 2 6 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART AND REVERSING IN PART

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary while in the possession of a deadly weapon, first-degree murder, conspiracy to commit robbery, robbery, and first-degree kidnapping. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant Lashana Hayward, along with Charles Nelson and John Scott, engaged in a series of actions that led to Eddie Heckard's death. On the day of the crimes, Hayward and Nelson went to two of Heckard's known residences. At the second residence, Hayward gained entry into Heckard's residence because Heckard was Hayward's drug supplier and she was there to obtain more drugs and to be paid for previous transactions. When Hayward returned to the vehicle, Nelson went into the home and was joined by Scott. In order to act as a lookout, Hayward drove to a shopping center parking lot across the street from the residence. Accompanying Hayward and Nelson to Heckard's residence was Hayward's longtime friend, Jacqueline Frenchwood.

While Nelson and Scott were in Heckard's residence, Alonzo Woods came to Heckard's door. Woods was dragged into the home, beaten, and robbed at gunpoint. While Woods was in the home, he saw fire and smoke coming from Heckard's bedroom. Woods was able to escape by

13-28799

jumping through a window. He then ran across the street to the shopping center and alerted the police of the crimes. After the fire was put out, police discovered Heckard's burnt body. Heckard's cause of death was determined to be blunt force trauma to the head.

Nelson, Scott, and Hayward were eventually arrested and indicted by a grand jury. Hayward's indictment was based solely on conspiracy and accomplice theories of liability. She and Nelson were tried together and convicted of all of the charges brought against them. Hayward now appeals. The issues on appeal are: (1) whether the district court abused its discretion in denying Hayward's motion to sever her trial from that of her codefendant and (2) whether the State presented sufficient evidence to support the jury's verdict.[1]

*Motion to sever*

Hayward argues that the district court abused its discretion in denying her motions to sever her trial from that of her codefendant. Hayward contends that severance was necessary because her and Nelson's defenses were antagonistic and because there was a great disparity in the evidence presented against her and Nelson.[2]

---

[1]Hayward also argued that the district court abused its discretion (1) in allowing a detective to testify about letters that Hayward sent while incarcerated and (2) by excluding testimony that Hayward contends was exculpatory and could have helped her impeach the State's witnesses. We determine that these contentions lack merit.

[2]Hayward also argues that severance was necessary because Nelson's charges included the death penalty, where hers did not. Hayward, however, fails to cite to any relevant authority that supports her assertion. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

*continued on next page...*

We review the district court's denial of severance for an abuse of discretion. *Chartier v. State*, 124 Nev. 760, 764, 191 P.3d 1182, 1185 (2008). We will not reverse on appeal "'unless the appellant carries the heavy burden of showing that the trial judge abused his discretion.'" *Id.* (quoting *Buff v. State*, 114 Nev. 1237, 1245, 970 P.2d 564, 569 (1998)) (other internal quotation marks omitted). Further, any error "is subject to harmless-error review." *Id.* at 765, 191 P.3d at 1185.

It is a prima facie rule that when codefendants are charged together, they should also be tried together. *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978); *see also* NRS 173.135. In order for Hayward to satisfy her burden to prove that there was substantial prejudice requiring reversal, she must show that the joint trial "prevented the jury from making a reliable judgment regarding [her] guilt or innocence." *Marshall v. State*, 118 Nev. 642, 648, 56 P.3d 376, 380 (2002). One basis for granting reversal is when the antagonistic defenses are so conflicting that "'there is danger that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty.'" *Chartier*, 124 Nev. at 765, 191 P.3d at 1185 (quoting *Marshall*, 118 Nev. at 646, 56 P.3d at 378). There is no prejudice in cases where one defendant introduces relevant and competent evidence that would have otherwise been admissible in the codefendant's trial had it been severed. *Marshall*, 118 Nev. at 647, 56 P.3d at 379 (citing *Zafiro v. United States*, 506 U.S. 534, 540 (1993)).

---

*...continued*

Further, the jury was instructed not to consider the subject of punishment in rendering its verdict. *See Leonard v. State*, 117 Nev. 53, 66, 17 P.3d 397, 405 (2001) (stating that it is presumed that a jury will always follow the instructions given).

Furthermore, severance is not warranted simply because it would have made acquittal more likely. *Id.*

Hayward relies on *Ducksworth v. State*, 113 Nev. 780, 942 P.2d 157 (1997), in arguing that severance was necessary. In that case, Ducksworth and a codefendant were convicted of murder. *Id.* at 789, 942 P.2d at 163. On appeal, the codefendant argued that his trial should have been severed from Ducksworth's. *Id.* at 794, 942 P.2d at 166. This court noted that the evidence against the codefendant was "largely circumstantial and was much less convincing than was the evidence against Ducksworth." *Id.* It further determined that because Ducksworth made several confessions that referenced an unnamed accomplice, and because Ducksworth could not be cross-examined regarding those statements, the likelihood of prejudice to the codefendant was too high. *Id.* at 794-95, 942 P.2d at 166-67. In *Ducksworth*, we reasoned that Ducksworth's confession referring to an accomplice would necessarily inculpate his codefendant, who would not have the opportunity to challenge Ducksworth. *Id.* The codefendant's conviction was therefore reversed. *Id.* at 795, 942 P.2d at 167.

Hayward contends that the instant matter is analogous to *Ducksworth* because Frenchwood testified that she heard Nelson say, "[I]t didn't go right," that he "was only supposed to rob him," and that he had killed a man. However, the statements admitted against Nelson are not the same as this court was concerned with in *Ducksworth*. In that case, this court was concerned with statements made by one codefendant that either implicitly or specifically referred to the other codefendant. *Ducksworth*, 113 Nev. at 795, 942 P.2d at 167. *See also Stevens v. State*, 97 Nev. 443, 444-45, 634 P.2d 662, 663-64 (1981) (reversing Stevens'

conviction because of improperly admitted statements made by his codefendant in which Stevens' name was redacted out of the statement but still read into the record); *Bruton v. United States*, 391 U.S. 123, 136 (1968) (concluding that it was improper for the district court to allow the confession of a codefendant to be admissible because it referenced the petitioner and was a violation of his Sixth Amendment right to confrontation); *Douglas v. Alabama*, 380 U.S. 415, 417-18 (1965) (concluding that it was a violation of the petitioner's Sixth Amendment right to confrontation for the district court to allow the confession of a coconspirator that implicated petitioner). Here, Nelson's statements do not implicate Hayward or even an unnamed conspirator. Therefore, severance was unnecessary because Nelson's statements did not reference Hayward's involvement in the crime.

Hayward also repeatedly argues that severance was necessary because the evidence presented against Nelson greatly outweighed the evidence presented against her. While it is true that the great weight of the evidence presented was against Nelson, this is because he was the individual charged with actually carrying out the crimes. All of Hayward's charges were based on conspiracy and accomplice liability. Thus, necessarily, the State focused the majority of its case on the actual crimes committed against Heckard, with a smaller portion of its case devoted to proving that Hayward had entered into a conspiracy with Nelson and that she aided and abetted in the crimes. Therefore, it is of no import that a greater quantity of evidence was presented against Nelson than against Hayward. *See Lisle v. State*, 113 Nev. 679, 690, 941 P.2d 459, 466 (1997), *overruled on other grounds by Middleton v. State*, 114 Nev. 1089, 1117 n.9, 968 P.2d 296, 315 n.9 (1998) (holding that a defendant is not entitled to

severance where the evidence against a codefendant is more damaging than the evidence against the defendant).

Ultimately, this issue rests in balancing the State's interest in avoiding the extra time and expense of trying multiple cases with Hayward's right to a fair trial. Here, the State's interest outweighs Hayward's allegations of prejudice. First, Hayward has not specifically provided relevant authority and analysis to satisfy her burden of proving that the district court abused its discretion in denying severance. *See Chartier*, 124 Nev. at 764, 191 P.3d at 1185. Second, Hayward's contentions that all of the evidence supported Nelson's verdict but not hers and that any evidence admitted against her was uncorroborated is belied by the record. Further, the evidence that was presented was properly admissible against both defendants and could have been presented against Hayward had she been awarded severance. *Marshall*, 118 Nev. at 647, 56 P.3d at 379. Finally, Hayward's defenses were not as antagonistic to Nelson's defenses as she believes. Because she was tried as a coconspirator and an accomplice, if Nelson was acquitted, then Hayward would also have been acquitted, as there would be no crime for which she could be convicted as a principal. We, therefore, conclude that the district court did not abuse its discretion in denying Hayward's motions to sever her trial from Nelson's.

*Sufficiency of the evidence*

Although sufficient evidence was presented to support Hayward's other convictions, her conviction on the kidnapping charge

raises some concern.[3] In order to determine "whether a verdict was based on sufficient evidence to meet due process requirements, this court will inquire 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008) (alteration in original) (quoting *Koza v. State*, 100 Nev. 245, 250, 681 P.2d 44, 47 (1984)); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "This court will not reweigh the evidence or evaluate the credibility of witnesses because that is the responsibility of the trier of fact." *Mitchell*, 124 Nev. at 816, 192 P.3d at 727. Further, a conviction may be upheld solely by circumstantial evidence. *Hernandez v. State*, 118 Nev. 513, 531, 50 P.3d 1100, 1112 (2002).

In *Bolden v. State*, this court concluded that a conspirator cannot be held vicariously liable for a crime that is a natural and probable consequence of the object of the conspiracy where the crime charged was a specific intent crime and the defendant did not have the specific intent to commit the crime. 121 Nev. 908, 922-23, 124 P.3d 191, 201 (2005), *receded from on other grounds by Cortinas v. State*, 124 Nev. 1013, 1026-27, 195 P.3d 315, 324 (2008). Kidnapping is a specific intent crime. *Id.* at 923, 124 P.3d at 201; NRS 200.310.

We conclude there was sufficient evidence to support Hayward's convictions for burglary while in the possession of a deadly weapon, first-degree murder, conspiracy to commit robbery, and robbery.

---

[3]It is also important to note that although Hayward argues that she cannot be held liable for the arson or theft of Heckard's car, she was never charged with arson or grand theft of a motor vehicle.

However, there is nothing in Frenchwood's testimony, other witness testimony, or in Hayward's letters to support a finding that Hayward had the specific intent to kidnap Heckard or to even restrain him. The evidence supports Hayward's intent that Nelson and Scott gained entry to Heckard's home and that they robbed him. However, there was insufficient evidence for a rational jury to determine that Hayward had the specific intent to commit kidnapping. We therefore conclude that Hayward's first-degree kidnapping conviction must be reversed. For the foregoing reasons we,

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:     Hon. Douglas W. Herndon, District Judge
        Lizzie R. Hatcher
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A