679 P.2d 246 (1984)
In the Matter of the ESTATE OF Walter E. HERRMANN, deceased;
Peter L. FLANGAS and John Tom Ross, Appellants,
v.
Ralph HERRMANN, Executor of the Estate of Walter E. Herrmann, Deceased, Respondent.
No. 11154.
Supreme Court of Nevada.
On Rehearing March 8, 1984.
John E. Stone, Las Vegas, for appellants.
Woodburn, Wedge, Blakey & Jeppson, and Casey W. Vlautin, Reno, for respondent.

OPINION DENYING REHEARING
PER CURIAM.
In our initial opinion, filed January 23, 1984, we held that Judge Howard McKibben had acted without jurisdiction, and without evidentiary justification, when Judge McKibben purported to award appellant Peter L. Flangas and his co-counsel John Tom Ross the sum of $6,000 as attorneys' fees for services rendered in the Estate of Walter Herrmann, instead of the sum of $70,000 which Judge Richard L. Waters had previously awarded to them by a judgment duly and lawfully entered. See In re Herrmann, 100 Nev. 1, 677 P.2d 594 (1984). Now counsel for respondent Ralph Herrmann have filed a petition for rehearing, to which appellants Flangas and Ross have filed a response containing a request for the imposition of sanctions against respondent. For the reasons hereinafter set forth, we deny respondent's petition for rehearing, and we grant appellants' request to impose sanctions by reason of dilatory and frivolous actions of respondent's counsel in processing this appeal.
Our initial opinion was grounded upon the following independently controlling considerations, among others:
(1) As to probate orders awarding attorneys' fees, NRS 155.190 explicitly provides that the time for appeal runs from entry thereof. Provisions relating to judgments in civil actions, which contemplate written notice of entry, are clearly not applicable to such probate orders.
(2) Even if it were possible to extend our rules relating to civil actions, to embrace probate proceedings governed by NRS 155.190, written notice of entry would not have been requisite to start respondent Herrmann's appeal time running in the instant case. This is because *247 NRAP 4(a) and NRCP 52(b) were never intended to require written notice to a party who himself has procured a judgment's execution and entry.
(3) Furthermore, the record in this case affirmatively demonstrated that there existed no justification whatever, in law or equity, for tampering with the final award of fees that Judge Waters had entered with complete propriety. The investigation into that award was initiated on an insubstantial basis of unwarranted suspicion. The trial, which Judge McKibben ultimately conducted in obedience to the successor judge's orders, affirmatively established that Judge Waters' award was in no way insupportable, unconscionable, or contrary to available evidence. The appellants performed services of substantial value to the residuary estate, which were of a quality and character fully justifying Judge Waters' award.
In sum, Judge McKibben's decision was improper not only because he acted without jurisdiction. In any case, his comments, reasoning, and result, as expressed in his decision, would not have been justified by the record. The same therefore deserve no weight whatever, for any purpose, and were and are disapproved. Hence, our initial opinion determined Judge Waters' award to appellants was in all respects properly entered; any challenge thereto is barred by the doctrine of res judicata; no collateral attack thereon is either permissible or possible. This said, we turn to consider the issues now before us.
1. Upon review of respondent Herrmann's petition for rehearing, we find that the same does not direct our attention to any germane legal or factual matter, previously relied upon by respondent Herrmann's counsel, which was overlooked in our initial opinion. Said petition for rehearing therefore was not properly filed.
Under our long established practice, rehearings are not granted to review matters that are of no practical consequence. Rather, a petition for rehearing will be entertained only when the court has overlooked or misapprehended some material matter, or when otherwise necessary to promote substantial justice. NRAP 40(c)(2). A petition for rehearing may not be utilized as a vehicle to reargue matters considered and decided in the court's initial opinion. NRAP 40(c)(1); Gershenhorn v. Stutz, 72 Nev. 312, 306 P.2d 121 (1957). Nor may a litigant raise new legal points for the first time on rehearing. NRAP 40(c)(1); Cannon v. Taylor, 88 Nev. 89, 493 P.2d 1313 (1972); In re Lorring, 75 Nev. 330, 334, 349 P.2d 156 (1960). It therefore appears that respondent Herrmann's petition for rehearing has not been filed for any of the legitimate purposes countenanced by our rules. Instead, as appellants Flangas and Ross contend, it appears that said petition has been filed for purposes of delay, and with the improper result, if not the intent, of subjecting appellants to further public odium. The petition for rehearing therefore must be denied.
2. Turning to appellants' request for imposition of sanctions, we note that respondent Herrmann's counsel have never advanced any arguable legal position in this matter. Nonetheless, even though respondent Herrmann's legal position appeared clearly indefensible to this court, his counsel filed a request for oral argument insisting that counsel needed a hearing to assist the court in understanding Herrmann's case. Next, during oral argument, counsel proved unable to address the central legal difficulties of Herrmann's position in any pertinent way. Now, as previously noted, said counsel have filed a petition for rehearing which is one in title only, but not in legal contemplation.
This court may award damages and attorneys' fees to a party aggrieved by an appeal which, like the instant one, is prosecuted in a frivolous manner. See NRAP 38; Varnum v. Grady, 90 Nev. 374, 528 P.2d 1027 (1974). It is appropriate, therefore, for us to order appellants compensated for their counsel's services in formulating a reply to respondent's insubstantial petition for rehearing. It is also appropriate *248 for us to impose sanctions to deter like dilatory tactics in the future.
In the instant case, appellants are already legally entitled to receive the principal sum originally awarded to them, together with costs on appeal taxable in the district court as provided in NRAP 39(c), plus interest at the prevailing legal rate since November 29, 1973. In addition, appellants shall be paid the sum of $1,000 as and for attorneys' fees in partial recompense for the services their counsel has unnecessarily been required to perform as aforesaid. Furthermore, any sums due to appellants, which remain unpaid 60 days after the date of remittitur, shall thereafter bear interest, as and for damages, at the rate of 2 percent per month in addition to the interest otherwise prescribed by law. See NRAP 38; Varnum v. Grady, supra. However, double costs, as provided in NRAP 38(a), are not awarded.
Remittitur shall issue forthwith.[1]
NOTES
[1] Chief Justice Noel E. Manoukian is disqualified in this matter. Justice John C. Mowbray has voluntarily recused himself. Pursuant to order entered by Acting Chief Justice Springer, Senior Justice David Zenoff has been assigned to participate in the court's deliberation and determination of this matter. See Nev. Const., art. 6, § 19(1)(a) and 19(1)(c), and SCR 10.