LA-TEX PARTNERSHIP, CLUB CONCEPTS LTD., a Nevada Corporation, and CLUB INVESTMENTS dba THE SHARK CLUB, Appellants, v. THOMAS DETERS, DIANNE LALENA, and JEAN SURICK, Respondents.

No. 24458

April 27, 1995                                        893 P.2d 361

*Barker, Gillock, Koning & Brown,* Las Vegas, for Appellants.

*Frank Cook,* Las Vegas, for Respondent Surick.

*Bourgault & Harding,* Las Vegas, for Respondents Deters and Lalena.

*Gugino & Williamson,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

### FACTS

The respondents in this case, Thomas Deters, Dianne Lalena, and Jean Surick, filed suit against appellants La-Tex Partnership, Club Concepts Ltd., a Nevada Corporation and Club Investments, dba The Shark Club (hereinafter referred to collectively as "Shark Club"), a Las Vegas night club, and five employee security guards of Shark Club: Remi Bruyninga, Don Bartakian, James Hines, Jim Byrne, and Gary Arcerio (hereinafter referred to collectively as the "individual defendants"). The suit was based on allegations that the individual defendants had committed tortious acts, including assault, battery, false imprisonment, intentional and negligent infliction of emotional distress, and negligence, resulting in serious physical injury to the respondents. The claims against Shark Club were based on the legal tenet of respondeat superior and on the allegation that Shark Club was negligent in the hiring, training, supervision and retention of the employees, and in failing to protect the respondents from injury.

Attorney Anthony P. Sgro originally represented all defendants named in the complaint. Christopher R. Oram of the law firm of Sgro & Perry, Ltd. answered the respondents' complaint on

behalf of all defendants and later prepared and personally signed answers to the respondents' NRCP Rule 36 requests for admissions. The answers to the demand for admissions consisted of denials for the most part. Attached to the answers to the request for admissions was a verification form signed by Chuck Rush on behalf of Shark Club.

Approximately five months later, the district court allowed Sgro to withdraw as attorney of record for the individual defendants. Shortly thereafter, Shark Club substituted its present counsel, Michael A. Koning, for Sgro. The individual defendants have never again been represented by counsel from the time of Sgro's withdrawal to the present.

After Koning commenced his representation of Shark Club, the respondents, on the basis of an alleged failure to timely answer the requests for admissions,[1] filed motions for summary judgment against Shark Club and the individual defendants. Koning opposed the motions arguing that, as evidenced by the verification form signed by Chuck Rush, Shark Club had provided timely answers to the respondents' requests for admissions. Koning also contended that defendants Bruyninga and Bartakian had also signed verification forms that were "apparently not attached to the copy of Responses to Interrogatories and Requests for Admissions received by the Plaintiffs." As for the remaining individual defendants, Koning appears to have assumed the validity of the deemed admissions against them, arguing that genuine issues of material fact nevertheless remained. Koning also maintained that respondents' requests for admissions were too broad and involved contested factual and ultimate legal issues.

The district court denied respondents' motion for summary judgment as to Shark Club and ruled that four of the five individual defendants had failed to file timely answers to respondents' requests for admissions. The requests for admissions were therefore "deemed admitted" as to the four individual defendants and partial summary judgment on the issue of liability was entered against them.

Approximately one month later, Shark Club moved for reconsideration of the order of partial summary judgment against the four individual defendants, arguing that the individual defendants had, in fact, answered the requests for admissions because attor-

---

[1]NRCP 36(a) reads in part:

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. . . .

ney Oram had signed the answers on behalf of all the defendants.[2] The district court ruled in its Decision and Order on the motion:

> [I]t now appears that the requests were answered by prior counsel, Mr. Oram, on behalf of *all* of the Defendants. Rule 36(a) allows requests for admission to be answered and signed by counsel. This issue was not raised by either party at the time the motion was granted.
>
> Although not styled as such, this motion must be considered as one pursuant to NRCP 60(b). Therefore, the Defendant has the burden of showing that the partial summary judgment entered on February 9, 1993 was the result of mistake, inadvertence, or excusable neglect.
>
> The Defendant did not assert at the time of the motion that the request for admissions were signed by Mr. Oram on behalf of *all* of the Defendants. Nor was it asserted that Oram's signature was sufficient under NRCP 36 to defend the Plaintiff's summary judgment motion. The Court need not pass upon whether this inadvertence was excusable.
>
> Even if this information had been timely supplied to the Court, there would remain a question of whether or not Oram *actually* represented some of these individuals. Recent testimony obtained by deposition shows that at least 3 of the individuals Oram purported to represent were unaware of his representation. This information casts doubt upon the effectiveness of Oram's answer on behalf of the individual Defendants. In light of this uncertainty, the Defendant has not shown a sufficient meritorious defense to the motion as is required by NRCP 60(b).

The district court also granted partial summary judgment against the remaining individual defendant, Bartakian.

The case against Shark Club went to trial, and based upon a pretrial colloquy, the judge refused to allow any of the individual defendants to testify for Shark Club contrary to their deemed admissions. Shark Club then notified the district court of the desire of two of the individual defendants, Hines and Byrne, to withdraw their deemed admissions. The court ruled, however, that there would be no withdrawal of admissions at that point in time. No offer of proof concerning the substance of what any of the individual defendants' testimony at trial would have been appears in the record.

The liability of the individual defendants was made known to

---

[2]We note that the answers to the requests for admissions signed by attorney Oram opens, "COMES NOW, the Defendants" (plural). We also note that Oram did not move to withdraw from the representation of the individual defendants until five months after the answers had been signed.

the jury and inferences relating to the failure of the individual defendants to testify favorably on behalf of Shark Club were argued by respondents' counsel.[3] The jury returned a verdict totalling $170,000.00 plus interest against Shark Club and a total of $45,000.00 in punitive damages allocated among the individual defendants. Shark Club now seeks reversal of the jury verdict and a new trial on grounds that: (1) the district court erred in deeming the requests for admissions admitted by the individual defendants; (2) the district court erred in granting partial summary judgment against the individual defendants on the basis of the deemed admissions; (3) the district court abused its discretion in refusing to allow two of the individual defendants to withdraw their admissions; and (4) the district court's rulings with respect to the individual defendants were improperly and prejudicially binding on Shark Club.

## DISCUSSION

Shark Club contends that the individual defendants complied with NRCP 36(a) as the single response providing answers to respondents' requests for admissions was signed by Oram on behalf of all defendants. Respondents counter that Shark Club's new counsel, Koning, did not oppose the motion for summary judgment on the basis that Oram had signed the answers to the requests for admissions on behalf of all defendants.

Although NRCP 36(a) clearly supports the argument that the party to whom requests for admissions are directed *or* his attorney may sign answers to the requests, thus rendering immaterial the lack of verification forms for the individual defendants, respondents are correct in their assertion that Shark Club did not present this argument at the hearing on the summary judgment motion. However, Shark Club did file what the district court ruled to be a Rule 60(b) motion for relief from the order of partial summary judgment against the individual defendants, based upon the proposition that Oram had signed the answers to the requests for admissions on behalf of all defendants. Rule 60(b), which is a

---

[3]The district court told the jury at the beginning of the trial that the individual defendants were already liable. Moreover, the court allowed respondents' counsel to reveal in opening statements that the individual defendants had admitted the elements of the alleged torts. In closing argument, respondents' counsel commented on the individual defendants' failure to testify:

> In most of these cases, all of these security guards would've taken the stand, and they would've been testifying as to their version of what happened that evening across the street, if there was a significant dispute in this case.

remedial provision that is to be construed liberally, may operate to relieve the harshness of rigid form by applying the flexibility of discretion. Whise v. Whise, 36 Nev. 16, 20, 131 P. 967, 968 (1913).

The district court, in denying Shark Club's Rule 60(b) motion, abused its discretion. Although Shark Club's counsel did not initially argue that the answer to the requests for admissions was signed by Oram on behalf of the individual defendants, the record discloses a prompt application by Shark Club to remove the partial summary judgment, the absence of an intent to delay the proceedings, a lack of knowledge of procedural requirements,[4] and good faith. See Bauwens v. Evans, 109 Nev. 537, 539, 853 P.2d 121, 122 (1993). Moreover, the district court openly acknowledged that, despite Koning's insistence that Oram had signed on behalf of the individual defendants, a "question," a "doubt" and an "uncertainty" remained as to whether prior counsel had, in fact, signed on behalf of all defendants. The district court should have vacated its order deeming the requests for admissions admitted against the individual defendants, in accordance with this State's public policy of preserving an action on the merits. See Ogle v. Miller, 87 Nev. 573, 577, 491 P.2d 40, 43 (1971). At the very least, the district court should have ordered an evidentiary hearing to resolve the uncertainty. See Gilbert v. General Motors Corp., 133 F.2d 997, 1003 (2nd Cir. 1943) (burden of proving failure to respond to requests for admissions is on the requesting party). Rather than resolving the uncertainty in favor of the nonmoving party, however, the district court drew inferences favorable to respondents, and the partial summary judgment previously entered against the individual defendants was therefore sustained in error.[5]

Assuming that Shark Club's prior counsel did not sign the

---

[4]It appears from the record that Koning was evidently unaware that NRCP 36(a) allows counsel to sign requests for admissions on behalf of his clients.

[5]The mere fact that the individual defendants may not have been aware that Oram represented them in signing the requests for admissions is inconsequential and does not provide a sufficient factual basis for the partial summary judgment entered. Rule 36(a) plainly allows a lawyer to sign requests for admissions on behalf of his clients, and the clients' knowledge of the representation, especially when, as here, the clients are employees of a corporate co-defendant that assertedly obtained counsel on behalf of all defendants, is insignificant. All that is necessary is that the lawyer comply with the obligations imposed by Rule 36 in acquiring information pertinent to the response. Given the fact that the actions of the employees would serve as the basis for liability against the employer, Shark Club, it is contrary to logic to infer without at least having an evidentiary hearing, that the employees were unrepresented.

answer to the requests for admissions on behalf of the individual defendants, which may or may not be the subject of future inquiry below, reversal of the final judgment against Shark Club would nevertheless be required. Shark Club correctly argues that even if the requests for admissions are deemed admitted against the individual defendants, NRCP 36(b), by its terms, allows an admission to be used only against the party making it. Specifically, NRCP 36(b) provides that ''[a]ny admission made by a party under this rule is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding.''

Although the district court adverted to the proposition that the deemed admissions of the individual defendants were not binding on Shark Club, the contrary effect resulted from the district court's refusal to allow the individual defendants to testify freely, coupled with the implication argued to the jury by respondents' counsel. Despite the rule that an admitting party is barred from denying that which it has already admitted (*see* Wagner v. Carex Investigations & Sec. Inc., 93 Nev. 627, 632, 572 P.2d 921, 924 (1977)), the rule must operate within the constraints of NRCP 36(b), which precludes the use of admissions for purposes other than the pending action or proceeding. This is especially true when requests for admissions are deemed admitted as a result of an omission to answer rather than admitted in a conscious effort to minimize the factual issues for trial. In the instant case, respondents' claims against each individual defendant, despite Shark Club's potential vicarious liability based upon the actions of its employees, are quite distinct from the claim against Shark Club.

Respondents consider it fatal to Shark Club's appeal that the record on appeal reveals no offer of proof as to what the individual defendants' testimony would have been at Shark Club's trial had the court allowed them to testify freely. *See* Morrison v. Air California, 101 Nev. 233, 237, 699 P.2d 600, 603 (1985) (to preserve an issue for appeal, an offer of proof must be made following a district court's refusal to allow testimony).[6] This is not a typical case involving excluded testimony, however, where this court would be required to speculate as to the weight or value of the excluded evidence absent an offer of·proof in the trial

[6]Because each assignment of error is geared toward the ultimate end of having the individual defendants testify in a new trial contrary to their deemed admissions, it stands to reason that a clear showing of what that testimony would have been is necessary to determine whether the assigned errors or other possible trial defects have affected the substantial rights of Shark Club.

court. Although Shark Club would have been wise to provide an offer of proof in the record, we may infer without undue speculation, based on the context of the district court's ruling, that the individual defendants' testimony would have been contrary to their deemed admissions.

The remaining issues raised by Shark Club either need not be addressed or are without merit.

For the reasons discussed above, the partial summary judgment and the judgment entered pursuant to the jury verdict are reversed[7] and the matter is remanded to the district court for a new trial.

---

[7]In addition to reversing the partial summary judgment against the individual defendants, we necessarily vacate the order deeming the requests for admissions admitted against the individual defendants, upon which the partial summary judgment was based.