TERRY W. GORDON AND JOHN F. SWEENEY, PETITIONERS, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE JOSEPH T. BONAVENTURE, DISTRICT JUDGE, RESPONDENTS, AND THE STATE OF NEVADA, REAL PARTY IN INTEREST.

No. 26722

July 16, 1998                                961 P.2d 142

*Dominic P. Gentile* and *JoNell Thomas,* Las Vegas, for Petitioner Gordon.

*Laura Wightman FitzSimmons,* Las Vegas, for Petitioner Sweeney.

*Stewart L. Bell,* District Attorney, and *Frank Ponticello,* Deputy District Attorney, Clark County, for Real Party in Interest.

## OPINION DENYING REHEARING

*Per Curiam:*

Petitioners Terry W. Gordon and John F. Sweeney seek rehearing of this court's prior opinion denying their original petition for a writ of mandamus or prohibition. *See* Gordon v. District Court, 112 Nev. 216, 913 P.2d 240 (1996). As rehearing is not warranted, we deny their petition. *See* NRAP 40. However, petitioners have directed our attention to a few minor inaccuracies in our prior opinion; despite their immaterial nature, we now correct those errors.

---

First, in footnote 3, we inadvertently miscounted the number of grand jurors at issue. The opinion states, "This is distinguishable from the instant case, where *seven* of the grand jurors were present for the live testimony, where the other three read the transcript from the day they missed, and where *twelve* were present for the vote." *Gordon,* 112 Nev. at 222 n.3, 913 P.2d at 244 n.3 (emphasis added). In fact, *ten* jurors were present for live testimony, and *thirteen* were present for the vote.

Second, when quoting the text of a portion of counts 4 through 15 of the indictment at issue, we mistakenly omitted several lines of text. *Id.* at 227, 913 P.2d at 247. The passage should read:

> directly, or indirectly through their subordinates, counseled, encouraged, hired, commanded, induced, or otherwise procured the employees and/or agents of [the nightclub] to induce potential customers to purchase a bottle of non-alcoholic wine by directing the employees and/or agents of [the nightclub] *to use a "pitch" which was designed to falsely lead the potential customers to believe that they would have sexual intercourse and/or oral sex with the female employees and/or agents of [the nightclub]* if they were to purchase a bottle of non-alcoholic wine.

(Omitted text emphasized.)

Third, with regard to our conclusion that no cumulative error existed in this case, the opinion should read, "Here, if cumulative error permeated the indictment, there is no reason why it should not be dismissed; however, since we have held that there is no such error, this argument must fail." *See id.* at 231, 913 P.2d at 250. The word "if" was inadvertently left out of the original sentence after "Here."

In denying the instant petition for rehearing, we take this opportunity to caution counsel for petitioners, as well as all members of the State Bar of Nevada, of the proper purpose for petitions for rehearing. In In re Herrmann, 100 Nev. 149, 151, 679 P.2d 246, 247 (1984), this court held,

> Under our long established practice, rehearings are not granted to review matters that are of no practical consequence. Rather, a petition for rehearing will be entertained only when the court has overlooked or misapprehended some material matter, or when otherwise necessary to promote substantial justice. NRAP 40(c)(2). A petition for rehearing may not be utilized as a vehicle to reargue matters considered and decided in the court's initial opinion. NRAP 40(c)(1); Gershenhorn v. Stutz, 72 Nev. 312, 306 P.2d 121 (1957). Nor may a litigant raise new legal points for the first time on rehearing. NRAP 40(c)(1); Cannon v. Taylor, 88

Nev. 89, 493 P.2d 1313 (1972); In re Lorring, 75 Nev. 334, 349 P.2d 156 (1960). It therefore appears that [the] petition for rehearing has not been filed for any of the legitimate purposes countenanced by our rules. Instead, as [the parties opposing the petition for rehearing] contend, it appears that said petition has been filed for purposes of delay . . . .

We advise petitioners' counsel to review *Herrmann* and the authority cited within carefully prior to filing other petitions for rehearing in future cases.

Having concluded that rehearing is not warranted, we deny this petition.[1]

---

[1]THE HONORABLE A. WILLIAM MAUPIN, Justice, did not participate in the decision of this matter.