TERESA BAHENA, INDIVIDUALLY, AND AS SPECIAL ADMINISTRATOR FOR EVERTINA M. TRUJILLO TAPIA, DECEASED; MARIANA BAHENA, INDIVIDUALLY; MERCEDES BAHENA, INDIVIDUALLY; MARIA ROCIO PERREYA, INDIVIDUALLY; MARIA LOURDES BAHENA-MEZA, INDIVIDUALLY; MARICELA BAHENA, INDIVIDUALLY; ERNESTO TORRES AND LEONOR TORRES, INDIVIDUALLY, AND LEONOR TORRES, AS SPECIAL ADMINISTRATOR FOR ANDRES TORRES, DECEASED; LEONOR TORRES FOR ARMANDO TORRES AND CRYSTAL TORRES, MINORS, REPRESENTED AS THEIR GUARDIAN AD LITEM; VICTORIA CAMPE, AS SPECIAL ADMINISTRATOR OF FRANK ENRIQUEZ, DECEASED; PATRICIA JAYNE MENDEZ, FOR JOSEPH ENRIQUEZ, JEREMY ENRIQUEZ, AND JAMIE ENRIQUEZ, MINORS, REPRESENTED AS THEIR GUARDIAN AD LITEM; AND MARIA ARRIAGA FOR KOJI ARRIAGA, REPRESENTED AS HIS GUARDIAN AD LITEM, APPELLANTS/CROSS-RESPONDENTS, v. GOODYEAR TIRE & RUBBER COMPANY, RESPONDENT/CROSS-APPELLANT.

No. 49207

December 30, 2010                                        245 P.3d 1182

*Albert D. Massi, Ltd.*, and *Albert D. Massi*, Las Vegas, for Appellants/Cross-Respondents Arriaga, Campe, Mendez, and Torres.

*Callister & Associates* and *Matthew Q. Callister* and *R. Duane Frizell*, Las Vegas, for Appellants/Cross-Respondents Bahena, Bahena-Meza, and Perreya.

*Lewis & Roca, LLP*, and *Daniel F. Polsenberg* and *Joel D. Henriod*, Las Vegas, for Respondent/Cross-Appellant Goodyear Tire & Rubber Company.

*Bailey Kennedy* and *Dennis L. Kennedy* and *Sarah E. Harmon*, Las Vegas, for Amici Curiae Chamber of Commerce of the United States of America, National Association of Manufacturers, National Federation of Independent Business Small Business Legal Center, American Tort Reform Association, American Insurance Association, American Chemistry Council, and American Legislative Exchange Council.

*Jones Vargas* and *Joseph W. Brown, Matthew T. Milone*, and *Bradley Scott Schrager*, Las Vegas, for Amicus Curiae The Nevada Development Authority.

## OPINION

By the Court, GIBBONS, J.:

On July 1, 2010, this court issued an opinion in these appeals. *Bahena v. Goodyear Tire & Rubber Co.* (*Bahena I*), 126 Nev. 243, 235 P.3d 592 (2010). In *Bahena I*, we addressed whether the district court's sanction of striking Goodyear's answer as to liability and only allowing it to contest damages was proper and whether an evidentiary hearing was required when the sanction was a non-case concluding sanction. We ultimately upheld the sanction and ruled that when a sanction is non-case concluding, an evidentiary hearing is not mandatory. Respondent Goodyear and amici curiae seek rehearing of that opinion. Although rehearing is not warranted, we address a number of the issues raised by Goodyear and the amici in order to clarify *Bahena I*. Because the facts and procedural history in this case were set forth in our prior opinion, we do not recount them here except as necessary for our disposition of the instant petition for rehearing.

*Standard of review*

We will consider rehearing when we have overlooked or misapprehended material facts or questions of law or when we have overlooked, misapplied, or failed to consider legal authority directly controlling a dispositive issue in the appeal. NRAP 40(c)(2). In

*Gordon v. District Court*, 114 Nev. 744, 745, 961 P.2d 142, 143 (1998), we discussed the proper purpose for petitions for rehearing: " '[u]nder our long established practice, rehearings are not granted to review matters that are of no practical consequence. Rather, a petition for rehearing will be entertained only when the court has overlooked or misapprehended some material matter, or when otherwise necessary to promote substantial justice.' " (quoting *In re Herrmann*, 100 Nev. 149, 151, 679 P.2d 246, 247 (1984)).

## DISCUSSION

In *Bahena I*, this court did not overlook or misapprehend any material matters, nor did we overlook, misapply, or fail to consider controlling legal authority. Accordingly, we deny rehearing. NRAP 40(c)(2). However, we take this opportunity to clarify certain holdings and legal conclusions set forth in our prior opinion and discuss authority cited or discussed by Goodyear and the amici in support of the petition for rehearing.

Goodyear argues that *Bahena I* misapplied Nevada law, deprived Goodyear of due process, created an unfair double standard between plaintiffs and defendants, and is against the weight of other jurisdictions' authority. We disagree. We followed clear Nevada precedent in *Bahena I*. Goodyear enjoyed sufficient due process in this matter, and plaintiffs and defendants receive similar treatment for discovery abuses under Nevada law. Additionally, while other jurisidictions' caselaw is not controlling, we note that the state cases relied upon by Goodyear and amici do not support the proposition for which Goodyear argues—that defendants are always entitled to an evidentiary hearing before their answers are stricken as to liability only.

### Nevada caselaw

As set forth in *Bahena I*, 126 Nev. 243, 235 P.3d 592, the leading Nevada Supreme Court case regarding the issue of sanctions is *Young v. Johnny Ribeiro Building*, 106 Nev. 88, 787 P.2d 777 (1990). In *Young*, the court affirmed the decision to dismiss Young's complaint and discussed our standard of review of abuse of discretion. We stated that "[e]ven if we would not have imposed such sanctions in the first instance, we will not substitute our judgment for that of the district court." *Id.* at 92, 787 P.2d at 779. The Nevada Supreme Court concluded that "while dismissal *need not be preceded by other less severe sanctions*, it should be imposed only after thoughtful consideration of all the factors involved in a particular case." *Id.* at 92, 787 P.2d at 780 (emphasis added). In *Foster v. Dingwall*, 126 Nev. 56, 227 P.3d 1042 (2010),

we reiterated the holding in *Young* by affirming discovery sanctions of entry of a default judgment. The majority in *Foster* concluded that NRCP 37(b)(2)(C) and 37(d) specifically and independently provide that a court may strike a party's pleadings if that party fails to obey a discovery order or fails to attend his or her own deposition. 126 Nev. at 65, 227 P.3d at 1048. Finally, we concluded that the sanctions "were necessary to demonstrate to future litigants that they are not free to act with wayward disregard of a court's orders," and that the conduct of the appellants evidenced "their willful and recalcitrant disregard of the judicial process." 126 Nev. at 66, 227 P.3d at 1049.

Nevada jurisprudence does not follow the federal model of requiring progressive sanctions against a party for failing to comply with a discovery order or for failing to attend their deposition. In *Higgs v. State*, 126 Nev. 1, 17, 222 P.3d 648, 658 (2010), we concluded that with respect to the admissibility of expert testimony, Nevada law controls, and that we only look "at federal jurisprudence for guidance—when *needed*." We further concluded that evidentiary authority "allows the trial judge discretion in deciding what factors are to be considered on a case-by-case basis." 126 Nev. at 18, 222 P.3d at 659. We hold that this framework also applies to discovery sanctions.

*Due process and the sufficiency of the January 18, 2007, hearing*

The hearing held by the district court on January 18, 2007, was sufficient based upon the facts and circumstances of this case. The only witnesses to the discovery dispute were the respective attorneys for Bahena and Goodyear. These attorneys are all officers of the court. Their conduct is governed by Nevada Rule of Professional Conduct (RPC) 3.3, which addresses the standards of candor that a lawyer must have towards a court. This rule provides that the lawyers must not make a false statement of fact or law to a tribunal, fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer, or offer evidence that the lawyer knows to be false. The district court heard all the factual representations of the respective lawyers and asked them questions at the hearing. Representations of the respective lawyers were sufficient for the district court to question the lawyers about the deposition and document production dispute without the necessity of cross-examination.[1]

---

[1]Goodyear attempts to distinguish RPC 3.3 by citing to the case of *Scott v. State*, 922 So. 2d 1024 (Fla. Dist. Ct. App. 2006). In *Scott*, the defendant sought return of certain personal property. At the court hearing regarding discovery, the state's attorney made a hearsay factual representation to the judge that he was advised the police officers had looked for the defendant's property

We concluded in *Bahena I* that the district court should "hold such hearing as it reasonably deems necessary to consider matters that are pertinent to the imposition of appropriate sanctions. The length and nature of the hearing for non-case concluding sanctions shall be left to the sound discretion of the district court." 126 Nev. at 256, 235 P.3d at 601. This standard set forth in *Bahena I* provides sufficient due process and creates a more extensive requirement for hearings before entry of default as to liability only than many other state jurisdictions cited by Goodyear and discussed below. The district court's hearing on January 18, 2007, was sufficient, and the district court judge properly received factual representations from officers of the court pursuant to RPC 3.3.[2]

While we reject Goodyear's argument to mandate evidentiary hearings in all cases before a district court may strike a defendant's answer as to liability only, we agree in part with our dissenting colleague that district courts should be encouraged to exercise their discretion to hold evidentiary hearings regarding non-case concluding sanctions when requested and when there are disputed issues of material fact regarding the discovery dispute identified by the parties. Examination of witnesses who have personal knowledge of the material issues of fact in dispute may assist the district courts in making findings of fact. Although Goodyear requested an evidentiary hearing, it did not make an offer of proof to the district court as to what evidence should be considered in addition to the representations of counsel.

*Double standard*

Goodyear argues that the failure to require a full evidentiary hearing in cases where the court strikes the defendant's answer as

---

but could not find it. *Id.* at 1026. The Florida District Court of Appeal concluded in this context that "[r]epresentations by an attorney for one of the parties . . . do[es] not constitute evidence." *Id.* at 1027 (quotation omitted). Compare these facts to the case of *In re Guardianship of Holly*, 164 P.3d 137 (Okla. 2007). In *Holly*, at a hearing upon a ward's request for a different attorney to represent him in guardianship proceedings, the district court refused to allow the court-appointed attorney to be called as a witness and be subject to cross-examination. The district court said it would accept representations of the attorney to the court. The Oklahoma Supreme Court reversed and indicated that in the context of guardianship proceedings, an evidentiary hearing was required, and that the unsworn representations of the attorney to the court did not constitute evidence. *Id.* at 143. Even if a lawyer's statements are not evidence, the district court should be able to rely on such statements in sorting through discovery disputes because the lawyers have an obligation of candor under RPC 3.3.

[2]In *Burleigh v. State Bar of Nevada*, 98 Nev. 140, 145, 643 P.2d 1201, 1204 (1982), we explained that " 'due process is flexible and calls for such procedural protections as the particular situation demands' " (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).

to liability only, but not as to damages, creates a double standard between plaintiffs and defendants. We disagree.

Goodyear relies upon the case of *Nevada Power v. Fluor Illinois*, 108 Nev. 638, 837 P.2d 1354 (1992), to support its argument that a full evidentiary hearing is necessary when an answer is going to be dismissed as to liability. Goodyear incorrectly relies on this case because in *Nevada Power*, the district court dismissed the complaint of Nevada Power with prejudice without conducting an evidentiary hearing regarding alleged discovery abuses. Since the district court entered its order dismissing Nevada Power's complaint with prejudice, the case was over. The only remedy Nevada Power had was to appeal; therefore, an evidentiary hearing was appropriate. In *Bahena*, the district court struck Goodyear's answer as to liability only, but Goodyear had the full right to contest general, special, and punitive damages. In fact, Goodyear prevailed upon Bahena's claim for punitive damages. As distinguished from *Nevada Power*, Goodyear was not out of court based upon the district court's sanction order. Therefore, we decline to extend the holding of *Nevada Power* for non-case concluding discovery sanctions.

*Authority from other states*

Goodyear argues that authority in other jurisdictions supports the proposition that striking an answer as to liability only is an "ultimate" sanction that requires heightened due process—which Goodyear equates to requiring the district court to hold an evidentiary hearing before an answer can be stricken as to liability only. Nevada law, of course, controls in this case and, as discussed above, *Bahena I* is in accordance with Nevada precedent and meets due process requirements. However, we also disagree that the state cases cited by Goodyear can be interpreted so broadly; consistent with Nevada law, none of them mandate that an evidentiary hearing be held in *all* cases before a trial court can strike a defendant's answer as to liability only.

In some of the cases discussed by Goodyear, the appellate court affirmed the striking of a defendant's answer or a plaintiff's complaint even when there was no evidentiary hearing on the motion to strike. *See State Farm v. Health Horizons*, 590 S.E.2d 798 (Ga. Ct. App. 2003); *Sims v. Fitzpatrick*, 288 S.W.3d 93 (Tex. Ct. App. 2009) (affirming the trial court's imposition of death penalty sanctions as to liability *only* after it conducted a nonevidentiary hearing because it has the inherent power to impose sanctions that are not covered by a specific court rule for the conduct of the appellants of purposefully delaying the case and because it made specific findings of fact in support of its sanctions; the court of appeals further held that the appellants were entitled to a jury trial

upon the issue of damages). Also, in *Burton v. Sparler*, 613 S.W.2d 394 (Ark. 1981), the court affirmed the trial court's order dismissing plaintiff's complaint and entering a default against the plaintiff on defendant's counterclaim, which was entered without an evidentiary hearing being held.

In the cases cited by Goodyear and the amici in which the striking of an answer was reversed, evidentiary hearings were required based upon the specific facts of those cases—not because such hearings are always required.[3] *See Robinson v. Higuera*, 760 P.2d 622, 624 (Ariz. Ct. App. 1988) (reversing the trial court's decision to strike an answer without a hearing and to enter a default judgment as to both liability *and* damages for violation of a discovery order, but noting that ''[d]ue process does not require that a hearing be held in every case prior to imposition of Rule 37(b)(2) sanctions of dismissal or entry of default judgment''); *Roberts v. Roberts*, 629 A.2d 1160 (Conn. App. Ct. 1993) (holding that an evidentiary hearing was needed based on the specific facts in the case requiring a determination as to whether a sale by auction of marital property was the best way to effectuate the original judgment when one of the parties objected to selling the property this way). The Illinois case cited by Goodyear and the amici concluded that evidentiary hearings may be necessary before imposing discovery sanctions when a unique factual situation is presented. *Shimanovsky v. General Motors Corp.*, 692 N.E.2d 286 (Ill. 1998) (concluding the hearing was necessary because the plaintiff had conducted destructive testing on the General Motors vehicle prior to filing the products liability claim and the trial court needed to consider the degree of destructive testing done to determine the prejudice to General Motors).

Goodyear cites to a Texas case in which the Texas Supreme Court instructed the district court to impose less stringent discovery sanctions; however, the Texas Supreme Court made the instruction because of the specific facts present in that case. *TransAmerican Natural Gas v. Powell*, 811 S.W.2d 913 (Tex. 1991) (reasoning that the district court did not indicate that it had considered less severe sanctions before striking the defendant's answer and that the violation was that the parties could not mutually agree to a new deposition date for the president of TransAmerican). In the other Texas cases cited by Goodyear, the Texas appellate courts reversed the trial courts' sanctions because Rule 215 of the Texas Rules of Civil Procedure provides that sanctions must be proportionate to the violation. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844 (Tex. 1992) (also concluding that trial courts are not

---

[3]One of the cases cited in which an appellate court concluded that an evidentiary hearing was required did not involve discovery sanctions. *Century Road Bldrs. v. Palos Heights*, 670 N.E.2d 836 (Ill. App. Ct. 1996).

required to make written findings for discovery sanctions); *In re Carnival Corp.*, 193 S.W.3d 229 (Tex. Ct. App. 2006).

Goodyear cites to Georgia cases in which the appellate courts have remanded cases to the trial courts to conduct an evidentiary hearing on discovery sanctions to determine willfulness of the discovery violation; however, in these cases, the courts have stated that while the hearing was necessary under the present facts, the trial courts need *not* conduct a hearing to determine willfulness in every case based upon a party's failure to comply with discovery. *McConnell v. Wright*, 644 S.E.2d 111 (Ga. 2007) (concluding the hearing was necessary to determine if the plaintiffs willfully failed to attend their depositions); *General Motors Corp. v. Conkle*, 486 S.E.2d 180 (Ga. Ct. App. 1997) (concluding the hearing was necessary because the trial court had not set forth the statutory basis for the discovery sanctions and it had not made specific findings of willfulness and bad faith when General Motors had partially complied with the discovery order and was continuing to attempt to comply with the discovery order).

In other cases discussed by Goodyear, whether or not there was an evidentiary hearing before an answer was stricken for violating a discovery order, the courts speak to the trial courts' broad authority to impose severe sanctions when the circumstances warrant it. *See State Farm*, 590 S.E.2d at 800 (concluding that an order to compel does not have to be completely violated before the trial court can grant a motion to strike, that the trial court has broad discretion to control litigation, and that an appellate court will affirm a trial court's finding of willful refusal to comply with discovery if any evidence supports the trial court's findings); *Schultz v. Sykes*, 638 N.W.2d 604 (Wis. Ct. App. 2001) (holding that the trial court has the inherent authority to investigate the facts of the case, so it has the discretion and authority to set an evidentiary hearing to conduct its investigation when it sees fit).

Goodyear and the amici argue that *Pinkstaff v. Black & Decker (U.S.) Inc.*, 211 P.3d 698, 704 (Colo. 2009), is applicable here because the Colorado Supreme Court reversed the imposition of discovery sanctions finding that they were unduly harsh and not commensurate with the harm done.[4] In reaching this decision, the Colorado Supreme Court held that the district court did not put on the record or enter a written order that it had considered the full range of lesser sanctions before striking Black & Decker's answer as to liability and that all the discovery documents were produced

---

[4]In her dissent in *Pinkstaff*, Chief Justice Mary Mullarkey opined that the sanctions should be affirmed, noting that the defendant had the right to contest the amount of damages, and thus, "striking the answer . . . was not as harsh a sanction as it may appear at first glance." 211 P.3d at 708.

within 30 days after the court-ordered deadline expired.[5] *Id*. While the Colorado Supreme Court recognizes that striking an answer as to liability represents the harshest of all sanctions,[6] the majority stated that a trial court does not abuse its discretion when it imposes severe sanctions based upon extensive nondisclosure or wholesale failure to prosecute a case. *Id*. at 703-04. Ultimately, Colorado law does not require an evidentiary hearing before a district court may strike a defendant's answer as to liability, but does require that sanctions be proportional to the violation. *See Pinkstaff*, 211 P.3d at 703-04; *Kwik Way Stores, Inc. v. Caldwell*, 745 P.2d 672 (Colo. 1987).

## CONCLUSION

In conclusion, our precedent is clear under *Young v. Johnny Ribeiro Building* and *Foster v. Dingwall* that the district court had the discretion to strike Goodyear's answer as to liability only based upon Goodyear's failure to attend its own deposition under NRCP 37(d) and the district court's inherent equitable power to access the appropriate sanctions based upon the criteria of willfulness, bad faith, and prejudice. Because we did not overlook or misapprehend any material matters, nor did we overlook, misapply, or fail to consider controlling legal authority, the petition for rehearing is denied.

PARRAGUIRRE, C.J., and HARDESTY, DOUGLAS, CHERRY, and SAITTA, JJ., concur.

PICKERING, J., dissenting:

I would grant rehearing because I believe due process requires it. The $30,000,000 default judgment in this case rests on the district court choosing to believe one side's lawyers over another's, with no evidentiary hearing, no cross-examination, and a genuine dispute over willfulness, fault, and prejudice. The majority quotes

---

[5]In the answer to the petition for rehearing, Bahena distinguishes the facts of this case from Goodyear's conduct by stating that Goodyear never authenticated the 74,000 documents in questions and did not produce the witness for deposition. Further, Bahena argues that the district court's order of January 29, 2007, gives a detailed factual basis for the findings of willfulness and bad faith of Goodyear and prejudice to Bahena. As we noted in *Bahena I*, the district court's order of January 29, 2007, provided various reasons for imposing sanctions of striking Goodyear's answer as to liability only.

[6]Some state jurisdictions classify an order of striking a defendant's answer as to liability only as an "ultimate sanction" or a "death penalty" sanction. We choose to utilize the terminology of "case concluding sanctions" and "non-case concluding sanctions" to distinguish between cases in which the complaint is dismissed or the answer is stricken as to both liability and damages, as opposed to a lesser sanction.

dictum from *Robinson v. Higuera*, 760 P.2d 622, 624 (Ariz. Ct. App. 1988), *questioned in Montgomery Ward & Co. v. Superior Court*, 863 P.2d 911 (Ariz. Ct. App. 1993), that "[d]ue process does not require that a hearing be held in *every* case" (emphasis added) involving "civil death penalty" (or what Nevada now calls non-case concluding but liability-determining) sanctions. But this is a straw man argument. The question is not whether an evidentiary hearing is *always* required before a court strikes a party's complaint or answer for violation of a discovery order or rule. The question is whether an evidentiary hearing was required in *this* case. *See id.* (qualifying its dictum by noting, "[w]here willfulness or bad faith or fault of the party *is clear* from the record a hearing *may* not be necessary" (emphasis added)).

As discussed in my original dissent, the discovery sins seem fairly minor—(1) timely serving interrogatory answers but with the verification to follow; (2) producing documents as kept in the ordinary course of business pursuant to NRCP 34, as opposed to labeling them to correspond to particular discovery requests; and (3) accepting a "deemed authentic" sanction instead of going through a records authentication deposition during the week between Christmas and New Year's Day. A fitting penance for these sins would have been to deem the interrogatory answers verified and the documents authentic. But for the severe sanction imposed, the record needed to clearly show otherwise irremediable prejudice caused by the sanctioned party's willful discovery defaults, and it does not.

The prejudice identified was delay—risk of loss of the impending trial date. This claim assumes that the discovery not provided was overdue and made a difference to liability. It is here that the sanctions claim falls apart.

Unlike *Young v. Johnny Ribeiro Building*, 106 Nev. 88, 787 P.2d 777 (1990), and *Nevada Power v. Fluor Illinois*, 108 Nev. 638, 837 P.2d 1354 (1992), this case does not involve lost, destroyed, or fabricated evidence. All documents and things requested were produced. The bone of contention was the way the documents produced were organized—as kept in the ordinary course of business versus labeled to correspond to individual production requests. NRCP 34(b) gives the producing party a choice: "A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." And while the discovery commissioner found the defendant "evasive" in not labeling its documents to correspond to individual discovery requests, no one brought the NRCP 34(b) issue to him until discovery had closed (or was about to close), and trial was mere weeks away; what, if anything, he ordered besides authentication was not documented before he left the bench.

The plaintiffs' delay in raising the organization of the documents as an issue makes it fair to ask how much their manner of production really mattered. Similarly, the sanctions proponents' experts already knew the documents, having reviewed them in other products liability cases, and admitted they needed nothing more for their opinions. In contrast to *Young*, where expert proof of actual evidentiary prejudice was provided, here, the experts said the opposite: The discovery omission (if omission it was—no order compelling production was proved to have been violated) did not affect the substantive proof in the case.

On this record, it was an abuse of discretion and a violation of due process to summarily strike Goodyear's answer. The affidavits, expert reports, deposition excerpts, and discovery commissioner minutes, together with Goodyear's written request for an evidentiary hearing, established genuine issues of material fact as to what discovery violations actually occurred, whether they were willful, whose fault the delay was, and prejudice. The majority notes that, "[a]lthough Goodyear requested an evidentiary hearing, it did not make an offer of proof to the district court as to what evidence should be considered in addition to the representations of counsel." I disagree. More in the way of an offer of proof was not required on the conflicts unmistakably established by the record. *Compare Bronneke v. Rutherford*, 120 Nev. 230, 236, 89 P.3d 40, 44 (2004) ("an offer of proof is necessary only when it is unclear what evidence the party claiming error would have produced"), *with La-Tex Partnership v. Deters*, 111 Nev. 471, 475-76, 893 P.2d 361, 364-65 (1995) (reversing denial of NRCP 60(b) motion and holding that, "[a]t the very least, the district court should have ordered an evidentiary hearing to resolve the uncertainty" in the facts; rejecting the respondents' argument that a formal offer of proof was required to reverse for failure to provide an evidentiary hearing).

The majority does not simply deny rehearing. It "clarifies" its original opinion in a way that leaves the decision whether to grant an evidentiary hearing before striking a party's pleading to the standardless discretion of the district court, instead of dependent on the presence or absence of disputed issues of fact. This is contrary to clear Nevada precedent, *Nevada Power*, 108 Nev. at 645, 837 P.2d at 1359 ("If the party against whom dismissal may be imposed raises a question of fact as to any of these factors [willfulness, prejudice, and proportionality], the court *must* allow the parties to address the relevant factors in an evidentiary hearing" (emphasis added)), and to the law articulated in the opinions the majority distinguishes. *Pinkstaff v. Black & Decker (U.S.) Inc.*, 211 P.3d 698, 703-04 (Colo. 2009) (recognizing that an order striking a defendant's answer and deeming liability admitted is "tantamount to an entry of default judgment," "the harshest of all

sanctions," and "only to be applied in extreme circumstances"); *Montgomery Ward & Co.*, 863 P.2d at 914 ("A party's right to due process limits a trial court's authority to strike a pleading"; "[t]he heavier the sanction contemplated, the more deliberate the process that is due" (distinguishing *Robinson*, 760 P.2d at 624)).

For these reasons and those stated in my original dissent, I dissent from the majority's "clarifying" opinion and from the denial of rehearing. The "controlling authority" that has been "overlooked, misapplied or [not] consider[ed]," NRAP 40(c)(2)(B), is fundamental: due process, the check and balance that makes the risk associated with litigation acceptable. Liability should not be decided by sanction without a fair evidentiary hearing on all contested issues of fact material to the sanction imposed. Here, that did not occur.