# IN THE SUPREME COURT OF THE STATE OF NEVADA

WILMINGTON TRUST, N.A., AS
SUCCESSOR TRUSTEE TO CITIBANK,
N.A., AS TRUSTEE TO STRUCTURED
ASSET MORTGAGE INVESTMENTS II,
INC. BEAR STEARNS ALT-A TRUST,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-4,
Appellant,
vs.
FORT APACHE HOMES, INC.; VIA
VALENCIA/VIA VENTURA
HOMEOWNERS ASSOCIATION; AND
ABSOLUTE COLLECTION SERVICES,
Respondents.

No. 82653

**FILED**

APR 29 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This appeal challenges two summary judgments entered in 2018 and 2019 and a subsequent order denying a renewed motion for reconsideration in a quiet title action. Eighth Judicial District Court, Clark County; Jacqueline M. Bluth, Judge. A review of the record revealed a potential jurisdictional defect. Specifically, none of the designated orders were appealable due to an intervening August 14, 2019, district court order setting aside the summary judgments, entered upon a limited remand by this court in a previous appeal. *See Wilmington Tr., N.A. as Tr. to Citibank, N.A. v. Fort Apache Homes, Inc.*, Docket No. 78390 (Order Granting Motion for Limited Remand, Aug. 7, 2019). Thus, this court ordered appellant to show cause why the appeal should not be dismissed.

In the response and reply to our order to show cause, the parties agree that this court should dismiss the appeal for lack of jurisdiction.[1] Because the district court's August 14, 2019, order set aside the previous summary judgments, and the order denying appellant Wilmington Trust, N.A.'s renewed motion for reconsideration is not independently appealable, we agree with the parties and dismiss this appeal for lack of jurisdiction. NRAP 3A(b) (outlining appealable determinations).

In its reply, respondent Fort Apache Homes, Inc., requests that we order Wilmington Trust to pay for its attorney fees on appeal because the appeal was frivolous. *See In re Herrmann,* 100 Nev. 149, 152, 679 P.2d 246, 247 (1984) (holding that this court may award attorney fees where the appellant raises no new legal arguments or when an appeal is frivolous); NRAP 38. After review of the record, we reject Fort Apache's request because we do not view the appeal as frivolous. *See Woods v. Label Inv. Corp.,* 107 Nev. 419, 427, 812 P.2d 1293, 1299 (1991) (declining to grant an award of attorney fees where the appeal was brought in good faith), *disapproved of on other grounds by Hanneman v. Downer,* 110 Nev. 167, 871 P.2d 279 (1994). The district court order denying Wilmington Trust's renewed motion for reconsideration was unclear as it appears to frame Wilmington Trust's motion as seeking to set aside the earlier summary judgments, even though the district court had already set them aside. Because the order was unclear, Wilmington's appeal was not frivolous

---

[1]We note that respondent Via Valencia/Via Ventura Homeowners' Association filed a limited joinder to Fort Apache's reply to the order to show cause, agreeing that the appeal should be dismissed for further proceedings below.

despite our decision here that it is subject to dismissal. Thus, Fort Apache must pay its own attorney fees. Accordingly, we

ORDER this appeal DISMISSED.[2]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, Sr.J.
Gibbons

cc: Hon. Jacqueline M. Bluth, District Judge
Troutman Pepper Hamilton Sanders LLP/Atlanta
Troutman Pepper Hamilton Sanders LLP/Las Vegas
Surur Law Group
Hanks Law Group
Ayon Law, PLLC
Bighorn Law/Las Vegas
Law Office of Steven H. Burke, D/B/A The 808 Firm
Eighth District Court Clerk

_____

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.